[No. 4,205.]

SARAH A. POWELL *v.* JAS. N. POWELL, IVORY T. NASON, J. D. LAUGENOR, ROBERT ROBERTS AND G. F. GUSHAW.

JOINDER OF DEFENDANTS IN ACTION ON BONDS.—When an administrator, in the course of proceedings on the estate, gives two bonds, one when let-

ters are issued, and the other when real estate is about to be sold, and the condition of ea.h of the two bonds is the same, and the burden of the sureties in each is the same, the sureties on the two bonds, in an action on them, may be made joint defendants in the same action.

LIABILITY AMONG SURETIES TO CONTRIBUTION.—When an administrator gives two bonds, one when letters are issued, and the other when real estate is about to be sold, and each bond contains the same condition, and the sureties assume a common burden, they are liable to contribution *inter sese.*

APPEAL from the District Court of the Sixth Judicial District, County of Yolo.

The action was brought upon two bonds of the defendant, J. N. Powell, as executor of the estate of G. W. Powell, deceased, against him as principal, and his co-defendants as sureties. One of the bonds was given when the letters testamentary were issued to him, and Dale and Gushaw were sureties on this, and the other was given subsequently, pursuant to an order to sell certain real estate; and defendants Nason, Laugenor and Roberts were sureties on this. Both bonds were conditioned that the defendant Powell should, as executor, faithfully execute the duties of his trust, according to law. The defendant, Powell, was removed from the office of executor, and the plaintiff was appointed administratrix of the estate, with the will annexed; and the said defendant, having been ordered by a decree of the Probate Court to pay over certaid moneys in his hands belonging to the estate, and having failed to do so, this action was brought against the sureties on both bonds to recover the amount. Each set of sureties demurred separately that the other sureties had been improperly joined as defendants in the action, and that two causes of action had been improperly united. The demurrers were sustained, and judgment having been rendered for the defendants, the plaintiff appealed.

*J. C. Ball* and *Armstrong & Hinkson,* for Appellant, cited *Deering* v. *Earl of Winchelsea,* 1 Lead. C. in E. 96; 2 Hit. Art. 5,771, Sec. 73; *Irwin* v. *Backus,* 25 Cal. 214; *Murdock* v. *Brooks,* 38 Cal. 601; *McNabb* v. *Wixom,* 7 Nev. 173; Code Civil Pro. 383.)

*James Johnson* and *R. C. Clark*, argued that section three hundred and eighty-three of the Code of Civil Procedure, did not apply to persons severally liable upon separate instruments, but to those liable upon the same writing only, and that the cause of action, if it occurred by reason of non-accounting for the personal property, affected only the parties who executed the first bond; but if it arose by reason of non-accounting for the proceeds of the sale of the real estate, it affected only the sureties who signed the second bond.

By the COURT:

The condition of each of the two bonds by the executor is identical; the burden of the sureties the same, and their consequent liability *inter sese* to contribution clear. The complaint, therefore, though proceeding upon both bonds, was not open to the objection that several causes of action had been improperly united. Nor was there a misjoinder of parties defendant. The sureties who are sued, as observed already, though executing separate bonds, assumed a common burden, and as being sureties on separate instruments, may be properly joined as co-defendants in the action. (Code Civil Proc. Sec. 383.)

The judgment is reversed and cause remanded, with directions to overrule the demurrers of the defendants.