## DUGGER V. WRIGHT.

1. SURETIES:   *On bond of executor:   Contribution.*

Where the sureties on an executor's bond are discharged, by the probate court and new sureties taken, the two sets of sureties become jointly liable for a breach of the bond which occurred before the discharge, and the right of contribution exists, as between co-sureties.

2. SAME:   *Same:*

After property of an estate had been converted by the executor, his sureties at the time of such conversion were released by the probate court from future liability and others were accepted in lieu of them.   The executor was subsequently charged with the value of the property, and the probate court ordered him to pay it over to the distributees.   He failed to make such payment, and to recover the amount for which he was thus delinquent part of the distributees brought an action against the sureties on the first bond.   Three of the plaintiffs were sureties on the second bond.   *Held:* (1.) That the defendants are liable for the property converted by the executor; but the breach of his bond, thus occasioned, was a continuing one and the new sureties are also liable for his failure to pay over the value of the property, and they are therefore co-sureties of the defendants.   (2.)   That the defendants are equitably entitled to contribution against the three plaintiffs who are their co-sureties and the latter can only recover their distributive shares of the fund sued for, less the sums they are severally bound to contribute, in order to equalize the common burden of all the sureties.

APPEAL from *Independence* Circuit Court.

R. H. POWELL, Judge.

*Coleman & Yancey*, for appellants.

The executrix appropriated to her own use the property belonging to the estate, Dec. 28, 1883.   This was the time of the conversion, and fixed the liability of her sureties as it

was *before* they were released.   Mansf. Dig., sec. 35.   The sureties  on  the  bond  when  a  default  is  made  are  liable. Murfree Off. Bonds, sec. 635 ;  32 Ark. 424.

*U. M. & G. B. Rose*, for appellees.

Several settlements were filed and  approved after  the alleged conversion, and these can only be impeached in equity. Mansf. Dig., sec. 128 ;  14 Ark., 122 ;  16 Id., 474 ;  20 Id., 526 ;  30 Id., 67 ;  34 Id., 63 ;  36 Id., 384 ;  40 Id., 393.

At the time  the  executor  was  ordered  to pay over, appellees had long since been released and  appellants were the sureties.   Parties who  are  the  sureties  at  the  time of the breach are the ones responsible.   Murfree Off. Bonds, secs. 635, 638 ;  see also 35 Fed. Rep., 397.

COCKRILL, C. J.

This is a suit by some ' of the  distributees  of the estate of John S. Dugger against the sureties on  the  bond of the delinquent executor to recover the sum of $291.50 and interest as the value of property of  the  estate converted by  the executor.   The validity of the bond and the delinquency of the executor are not questioned.   The defendants,  who are the appellees here, were released  from future  liability upon the bond by the probate  court, and new sureties were  supplied in lieu of  them  after  the converted assets were received by the executor.   It is argued  that the breach of the bond occurred after  their release and that  they are not liable.   But the facts as certified to us fix the date of the conversion in the lifetime of the defendants' liability.   The  property was not accounted for,  nor was  the  claim  for it passed upon in the adjudication and allowance of any of  the executor's accounts in  such  a  manner  as  to  preclude  the  probate  court from eventually charging him with it and  requiring a distribution,

Dugger v. Wright.

as it did, of the full amount due to the distributees. The
right of recovery is, therefore, plain. But there is an
obstacle in the way of a full recovery. Three of the distribu-
tees, who are plaintiffs in this cause, became sureties on the
bond at the time the defendants were released. They signed
the old bond upon which the defendants were sureties, and
the conditions of their undertaking were of course identical
with those the defendants had assumed. The conversion
had taken place when they signed and the liability of the
defendants, who were the former sureties, had become fixed.
It required only the order of the probate court to authorize
suit against them. But the breach was a continuing one,
because it was still the executor's duty to account to the
probate court for the proceeds of the property; and when
he failed to comply with the order of the court directing him
to pay over the amount with which he had been charged on
that account, the new sureties became liable by the terms of
their undertaking to make good his default. There are no
terms in the office of executor or administrator, and the prin-
ciple which is properly invoked in the case of a public officer
who executes a bond for the faithful discharge of the duties
of his office for the term upon which he is about to enter, is
not applicable. The new bond, or the obligation of the new
sureties, relates back, and the two sets of sureties are jointly
liable to the distributees and others for whose benefit they
have contracted, for breaches committed prior to the second
execution. Schouler on Executors, sec. 148; *Beard v.
Roth*, 35 Fed. Rep., 397; *Scofield v. Churchill*, 72 N. Y.,
565; *Choate v. Arrington*, 116 Mass., 552; *Dawes v. Edes*,
13 Ib., 177; *Com. v. Gould*, 118 Ib., 300; *Pinkstaff v.
State*, 59 Ill., 148; *State v. Berning*, 74 Mo., 87; *Morris
v. Morris*, 9 Heiskell, 814; *Powell v. Powell*, 48 Cal., 234;
*Field v. Pelot*, 1 McMul. Eq. (S. C.,) 369.

1. SURETIES:
On bond of
executor:

But where there are two or more sureties for the same *Contribution.* principal debtor and for the same obligation, whether on the same or on different instruments, they are co-sureties, and as between themselves are under the obligation to equalize their common burden.  Schouler Ex., *supra;*  3 Pomeroy's Eq., sec. 1418; *Powell v. Powell, supra; State v. Berning, supra.*  The case is readily distinguished from the class to which *Chrisman v. Jones,* 34 Ark., 73, belongs.  See *Dering v. Earl of Winchelsea,* 1 Lead. Cas. in Equity, pt. 1, p. 155, *et seq.*  If the defendants then are forced to pay the deficien- 2. SAME. cy sued for, they will be entitled to contribution against the new sureties.  But the new sureties are distributees and are all plaintiffs in this suit.  The defendants' answer which sets forth all the facts, presents an equitable defence to the extent of the amount they could claim by way of contribution against their co-sureties, who are plaintiffs.  For the excess over that sum the plaintiff co-sureties are entitled to recover as distributees.  Narcissa Davis, who is one of the distributees and a plaintiff and appellant here, is not a surety on the bond and is entitled to her full distributive share of the sum sued for.  The judgment will be reversed and a judgment entered here in accordance with this opinion.