THE SINGER MANUFACTURING COMPANY V. J. M. PONDER ET AL.

No. 3525.

1. **Additional Security — Liability of Bondsmen.** — A sewing machine agent in 1884 executed with sureties a bond to the company guaranteeing his payment of all moneys "which may come into his hands by virtue of his employment under the present or any future contract." The agent for a time quit his employment, and thereafter in 1886 entered the service again, but was required to execute a new bond as an additional security. After this he made default, and the sewing machine company sued for the deficit, joining the makers of both bonds. *Held,* that the joinder was proper, and that for default after the second bond the sureties on both were liable.

2. **Fact Case.**—See testimony held sufficient to support an action and requiring a verdict and judgment for defendants to be set aside.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

*D. A. Lindsey,* for appellant.—1. Two sets of bondsmen finding themselves as guarantors for the performance of the same thing, though

by separate instruments, are proper parties defendant in a suit against their principal for default of such performance. Keowne v. Love, 65 Texas, 152; Powell v. Powell, 48 Cal., 235; Barb. on Parties to Actions, pp. 181–183; Bayless on Sure. and Guar., pp. 390, 391, 445.

2. "A party giving a guaranty will be bound to the full extent of what appears to have been his engagement, and for this purpose the words of the guaranty are to be taken as strongly against him as the sense will admit." 4 Field's Lawyer's Brief, p. 7; Burke v. Cruger, 8 Texas, 66; Roberts v. Bane, 32 Texas, 385; Field on Guar. and Sure. (Allen's Am. ed.), 140; Field on Guar. and Sure., 524; The People v. Byron, 3 Johns., 53; 5 Binn. (Pa.), 195; 13 Mass., 208; Brandt on Sure. and Guar., sec. 144, p. 202.

No brief for appellees reached the Reporter.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellant brought suit against J. M. Ponder, C. C. Hughes, and H. T. Ellis, Sr., and H. T. Ellis, Jr., on a bond executed by them on the 27th of September, 1884, to appellant, for the faithful performance by J. M. Ponder of his duties as agent for appellant, and guaranteeing the payment by him of all moneys, etc., "which may come into his hands by virtue of his employment under the present or any future contract," etc. It was alleged, that after remaining in the service of appellant "for a while, Ponder quit the same for a time and remained out until about the 8th of November, 1886, when he again entered the service of appellant, which required additional security to that it then had, and he executed a similar bond as above described, with Eliza Ponder and F. D. Fitzgerald as sureties thereon." Both bonds were sued on.

A breach of the bond by Ponder was alleged in the failure and refusal by him to pay over and account for the sum of about $228.68 collected by him as the agent of appellant. An exhibit was attached to the petition, setting forth in the form of an itemized account the number of machines furnished to Ponder and the disposition made of them by him. This exhibit shows that the transactions out of which the alleged shortage of $228.68 grew occurred after the execution of the second bond, on November 8, 1886.

The defendants C. C. Hughes, H. T. Ellis, Sr., and H. T. Ellis, Jr., excepted to the petition, on the ground that there was a misjoinder of parties defendant; that they were sued on an instrument of a certain date in connection with other defendants who executed one of another date, and that there was no privity between them.

The court sustained the demurrer to the petition in so far as it sought a recovery against the bondsmen first named—Hughes, Ellis, Sr., and Ellis, Jr.

A trial was had before a jury, which resulted in a verdict in favor of the defendant Ponder, and Eliza Ponder and F. D. Fitzgerald, the sureties on the bond executed in November, 1886.

The action of the court in sustaining the exception to the petition on the ground of a misjoinder of parties defendant, because there was no privity between the defendant and the sureties on the bond executed in September, 1884, and the dismissal of the suit as to the latter sureties, is made the basis of the first assignment of error.

If the allegations in the petition show that the right to recover against one set or class of bondsmen in this case would preclude a recovery against the other, there would then be no necessary relation between them nor any principle of liability as to all. And if there was no such privity of relation or community of interest by means of which the common liability of all of them could be maintained, there was a misjoinder of parties, and the exception was rightly sustained. Williams v. Robinson, 63 Texas, 582. But the pleadings of the plaintiff, including the exhibit, show that whatever defalcation or shortage on the part of Ponder existed, occurred and grew out of his transactions as appellant's agent in the year 1888, and that by the terms of the bond executed by the first set of sureties, in September, 1884, they were bound for any defalcation of Ponder occurring under his then "present or any future employment" by the appellant; and that a similar bond was entered into by the second obligors. There is nothing whatever indicating that the bond executed in 1886 was intended as a release of the sureties on, or a substitute for, the first bond, or that it was in any sense a novation. On the contrary, it is distinctly averred that the second bond was taken as "additional security," and that both bonds were equally relied on. If taken, then, as "additional security," upon the same principle that the taking of such security evidences a purpose not to waive or release the vendor's lien, but is indicative rather of a reliance on it, so, too, in this case would it show that there was no intention to release the security by the first bond in fortifying it with additional strength.

As the record stands, the sureties on the bond executed in September, 1884, are liable, unless the second bond was executed as a substitute for and in lieu of the first bond; and the sureties on the bond executed in November, 1886, are also liable, unless the defalcation or shortage of Ponder occurred prior to the date of their bond. Neither of these facts appear. But on the contrary, it is distinctly stated that the second bond was executed as "additional security," and it does appear that the shortage or defalcation transpired subsequent to the execution of the second bond. These conditions present a case of a common liability on the part of all of the sureties relating to the same subject matter, and where the right of recovery existed as against all of them, because the contract entered into by all of the sureties was for

the same purpose and had reference to the same matter, but was merely entered into at different times. Under the averments of the petition the suit could have been maintained separately against the sureties on these bonds for the same defalcation; and if so, no reason is perceived why, upon the principle of avoiding many suits, this could not be maintained. Love v. Keowne, 58 Texas, 200; Keowne v. Love, 65 Texas, 157. We think the exception was improperly sustained.

It is also assigned as error, that the verdict is not supported by the evidence, because the evidence shows that there was a breach of the bond as alleged.

The plaintiff's testimony consisted, first, of the bond sued on and an itemized statement or account showing the number of machines delivered by the appellant to Ponder to sell, the disposition made of the same, as also the amounts due thereon to the appellant by Ponder, showing a balance due the former of $228.68 during the year 1888, when he was acting as the agent of appellant. The correctness of the statement was testified to by plaintiff's witnesses, and receipts executed by Ponder for the machines in July, 1887, were also in evidence.

The defendant J. M. Ponder admitted his employment by the company as agent at the time stated; but he denied that he owed any sum whatever to appellant. He further denied that he had at any time admitted that he was indebted to the company. He denied that he had ever written a letter to the appellant promising to pay any sum. Upon cross-examination, however, he admitted that a letter produced by appellant was written by him. This letter was introduced in evidence. It was dated December 13, 1888, and expressly admitted that he owed appellant, and promised to pay the same if allowed a short time for that purpose.

The proper and reasonable construction of the above testimony is, that the plaintiff testifies to facts which support the allegations in his petition that the defendant is indebted to him in the sum stated, and that the defendant J. M. Ponder admits the fact of indebtedness, if not the amount. Under such state of proof a verdict for the defendant is wholly unauthorized.

We think for the reasons given the judgment should be reversed and the cause remanded.

*Reversed and remanded.*