## PEOPLE'S BANK & TRUST CO. v. NELSON.

No. 2794. Opinion Filed May 20, 1913.

(132 Pac. 493.)

1. **GUARDIAN AND WARD**—Guardianship Bond—Action—Joinder of Parties. Where a guardian, besides the bond given when he was appointed, gave two other bonds conditioned the same as the first, as additional security for the performance of his duties as guardian, all of the sureties upon the several bonds could be joined in one suit, to recover the amount due from the guardian to his successor upon his removal as guardian. .

2. **SAME**—Liability of Sureties. Under the law in force in the Indian Territory prior to statehood, sureties on a guardian's bond were liable for moneys misappropriated by him as such guardian, whether before or after the execution of such bond. .

(Syllabus by Rosser, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by H. B. Nelson, as guardian, etc., against the People's Bank & Trust Company and others. Judgment for plaintiff, and the defendant named brings error. Affirmed.

*G. W. P. Brown* and *R. Emmett Stewart,* for plaintiff in error.

*Wm. T. Hutchings* and *Wm. P. Z. German,* for defendant in error.

Opinion by ROSSER, C. This was an action by H. B. Nelson, as guardian of Isabel Lewis, against the People's Bank

& Trust Company. The plaintiff was appointed guardian to succeed Pompey Grayson, who was removed by the judgment of the county court of Muskogee county for misconduct as guardian. This suit was brought against Grayson upon his bond as such guardian to recover a shortage in his accounts. Grayson gave three separate bonds, one for $800, signed by himself, and one Caesar Morrison and Washington McQueen, as sureties. one for $1,000, signed by himself, and J. W. Sharpe, Ed Jefferson, and Lizzie Jacobs, as sureties; and one for $5,000, dated subsequent to the other bonds, signed by himself and the plaintiff in error, one of the defendants below, the People's Bank & Trust Company. The two bonds subsequent to the first were given as additional security for the performance of his duties as guardian. All the bondsmen on the defendant's bond were joined in the suit. The bond signed by the plaintiff in error contained the following condition:

"The condition of this obligation is such that whereas, the said Pompey Grayson was on the ——— day of ———, A. D. 190— appointed by the United States Court in Probate, in and for the said Western District of the Indian Territory, guardian of Isabel Lewis, a minor, minor heir of the said Pompey Grayson and Hannah Grayson, shall fully render, according to law, just and true accounts of his guardianship, and if the said Pompey Grayson, his heirs, executors, or administrators; upon the determination or ceasing of such guardianship, shall deliver and pay to the said minor, their executors or administrators, or any guardian that may be appointed for them after the determination or ceasing of the guardianship of said Pompey Grayson, all moneys, property, and effects belonging to said minors, in the possession or under the control of the said guardian, and that shall be due to said minor from the guardian, and if the said guardian shall in all things faithfully perform and fulfill his duty as guardian aforesaid, then this obligation shall be void and of no effect; otherwise to be and remain in full force and virtue."

The case was referred to a referee, who found that Grayson was adjudged due his ward by the county court, on October 5, 1908, the sum of $5,892.50, and that since that time he has paid

over to his successor the sum of $2,170.48, leaving due his successor, the plaintiff, $3,722.02. The referee refused to find how much the guardian was short on February 5, 1907, the date of the bond executed by plaintiff in error. The court rendered judgment against the plaintiff in error for $3,722.02.

Plaintiff in error contends that the actions upon the several bonds could not be joined. The various bonds were to guarantee the performance of the same duty. The sureties were co-sureties. The action was a single cause of action to recover the amount for which the guardian was in default, and all who had guaranteed the performance of his duty, whether by the same or separate instruments, were proper parties defendant. The same cause of action affected all the parties to the action. *Dugger v. Wright,* 51 Ark. 232, 11 S. W. 213, 14 Am. St. Rep. 48; *Matthews v. Mauldin,* 142 Ala. 434, 38 South. 849, 4 Ann. Cas. 344; *Powell v. Powell,* 48 Cal. 234; *State v. Parker,* 8 Baxt. (Tenn.) 495; *Sievers v. Havens,* 5 Ky. Law Rep. 857. The same rule was announced in the case of *Singer Mfg. Co. v. Ponder,* 82 Tex. 653, 18 S. W. 152. In that case an agent for the Singer Company gave two bonds. The first bond was for the performance of his duties as such agent, and the second was given as additional security for the same thing. It was held that both sets of sureties could be joined in one action.

Plaintiff in error also urges that it was not liable for deficiencies of the guardian existing prior to the time of the execution of the bond upon which it was surety, and that the court erred in refusing to find what part of the shortage occurred after the bond upon which it was surety was approved, and what part of the shortage occurred prior to that date. This bond was executed at the time when section 3489, Mansf. Dig. of Ark. was in force in the Indian Territory, and the liability of the sureties is governed by the law in force in the Indian Territory prior to statehood. This question has been passed upon by the Supreme Court of Arkansas, and it is held by the Supreme Court of that state that under the provisions of a bond, such as was given in this case, the sureties were liable

for the conversion of money by the guardian committed prior as well as subsequent, to the giving of the bond. *Dugger v. Wright,* 51 Ark. 232, 11 S. W. 213, 14 Am. St. Rep. 48; *State v. Buck,* 63 Ark. 218, 37 S. W. 881; *Beard v. Roth* (C. C.) 35 Fed. 397. The same rule governs in many of the states. *Scofield v. Churchill,* 72 N. Y. 565; *Choate v. Arrington,* 116 Mass. 552; *Dawes v. Edes,* 13 Mass. 177; *Brown v. State,* 23 Kan. 235.

·The judgment should be affirmed.

By the Court: It is so ordered.