## JESSE FLETCHER v. STATE.

No. A-1772.   Opinion Filed May 31, 1913.

(132 Pac. 498.)

APPEAL—Death of Accused—Abatement. In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Jesse Fletcher was convicted of murder, and appeals. Order that proceedings abate.

*S. M. Cunningham,* and *Stevens & Myers,* and *Wendell Johnson,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, Jesse Fletcher, was charged by information with having murdered one Jesse Berklow by shooting him on the 10th day of July, 1911. Upon his trial he was found guilty by the verdict of the jury of the crime of murder, with the death penalty. December 30, 1911, in accordance with the verdict of the jury, he was sentenced to be hanged. To reverse the judgment, an appeal was perfected by fiilng in this court June 17, 1912, a petition in error, with case-made. Pending the determination of his appeal, he was confined in the penitentiary at McAlester.

The Attorney General has filed a statement of the warden of the penitentiary and certificate of death, showing that since the appeal was taken, and before the final submission of the cause, plaintiff in error departed this life. His death having been suggested, the proceedings abate, and no decision upon the merits of the appeal will be rendered. In *Boyd v. State,* 3 Okla. Cr. 684, 108 Pac. 431, it is said: In a criminal action,

the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered that the proceedings in this cause do abate; and it is so ordered.

ARMSTRONG, P. J., and FURMAN, J., concur.