## ABRAHAM et al. v. HARRY.

No. 7224—Opinion Filed May 8, 1917.

Rehearing Denied June 12. 1917.

(165 Pac. 1154.)

1. **Guardian and Ward—Action on Bond—Joinder of Sureties.**

Where a guardian, in addition to the bond given when he was appointed, gave two other bonds, as additional security for the performance of his duties as guardian, all of the sureties on the several bonds could be joined in one suit to recover the amount due from the guardian.

2. **Interest — Judgment — Accounting by Guardian.**

When a guardian on final account is found liable to his ward, the amount of interest for which he is liable is 6 per cent. per annum, and a judgment fixing the amount of such interest at 10 per cent. per annum is without authority of law.

(Syllabus by Collier, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Frazier Harry, a minor, suing by his guardian, H. M. Ausmus, against Joe Abraham and others. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

Wm. L. Cheatham, for plaintiffs in error.

Burke & Harrison, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiffs in error to recover for the breach of two bonds given by a guardian. Hereinafter the parties will be designated as they were in the trial court.

The material allegations of the petition are that Wheaton Harry was duly appointed guardian of the plaintiff in the county court of Creek county, Okla., and soon thereafter qualified, and entered upon the discharge of his duties, and that he executed a bond, conditioned as required by law, with the defendants Harry Lowrance and Wash Sanders as his sureties; that thereafter, in pursuance of an order of the county court, the said Wheaton Harry, as guardian, executed an additional bond for the sale of real estate, in the penal sum of $500, with Joe Abraham and J. W. Gaywood as his sureties; thereafter the said Wheaton Harry tendered his resignation as guardian of said plaintiff. which was accepted, and made his final report, which said final report was approved, finding said guardian due plaintiff the amount shown due by his final report, $368.28, "with interest at the rate of 10 per cent. per annum from the 10th day of July,

1913"; that demand had been made on said Wheaton Harry to pay said sum, with interest. and that he failed to pay said sum; that like demand had been made on the bondsmen, and they had failed to pay said sum.

To the petition the defendants interposed a demurrer upon the following grounds:

"First. Plaintiff had no legal capacity to sue these defendants.

"Second. That there is a defect of parties plaintiff.

"Third. That there are several causes of action improperly joined.

"Fourth. That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

The court overruled the demurrer. and the defendants refusing to plead further, and electing to stand upon their demurrer. judgment was rendered for the plaintiff in said sum of $368.28, with interest from the 10th day of July, 1913, at the rate of 10 per cent per annum, to which action of the court the defendants duly excepted, and prosecute this appeal upon transcript.

The material errors argued in the brief of the defendants are that several causes of action are improperly joined, and that the charge of interest at the rate of 10 per cent. per annum from date of judgment is unlawful.

We think there is no merit in the first, second, and fourth grounds of the demurrer.

The material question involved in this appeal is not an open one in this jurisdiction, it having been held in People's Bank & Trust Co. v. Nelson, 37 Okla. 500, 132 Pac. 493, upon a state of facts parallel to those in the instant case, that all of the sureties upon the several bonds executed by a guardian can be joined in one suit to recover the amount due from the guardian to the ward. In the body of the opinion it is said:

"Plaintiff in error contends that the actions upon the several bonds could not be joined. The various bonds were [for] the same duty. The sureties were cosureties. The action was a single cause of action to recover the amount for which the guardian was in default, and all who had guaranteed the performance of 'the same duty,' whether by the same or separate instruments, were proper parties defendant. The same cause of action affected all of the parties to the action. Dugger v. Wright, 51 Ark. 232 [11 S. W. 213] 14 Am. St. Rep. 48; Matthews v. Maudlin, 142 Ala. 434, 38 South. 849, 4 Ann. Cas. 344; Powell v. Powell, 48 Cal. 234; State v. Parker, 8 Baxt. [Tenn.] 495; Sievers v. Havens, 5 Ky. Law Rep. 857. The same rule was announced in the case of

Singer Mfg. Co. v. Ponder, 82 Tex. 653 [18 S. W. 152]. In that case an agent for the Singer Manufacturing Company gave two bonds. The first bond was for the performance of his duties as such agent, and the second was given as additional security for the same thing. It was held that both sets of sureties could be joined in one action."

It is true that the authorities are not entirely harmonious upon the question involved, but we think that the weight of authority and best-considered opinions are in strict accord with the holding of the People's Bank & Trust Co. v. Nelson, supra.

We are of the opinion, and so hold, that the court did not err in overruling the demurrer to the petition.

We have not been cited to nor are we advised under what authority the court rendered judgment for 10 per cent. interest from the time of the approval of the guardian's account, showing the indebtedness to the ward, and we are of the opinion, and so hold, that the charge of 10 per cent. per annum interest is without authority of law, and it is hereby ordered that said judgment rendered by the trial court be so modified as to read: That the plaintiff have and recover of said defendants Wheaton Harry, Henry Lowrance, Wash Sanders, Joe Abraham, and J. W. Gaywood the sum of $432.70, with interest thereon at the rate of 6 per cent. per annum from the 14th day of September, 1914, and the cost of this action—and that the judgment so modified be affirmed.

By the Court: It is so ordered.