**NATIONAL SURETY CO. OF NEW YORK v. WASHINGTON et al.**

No. 8468—Opinion Filed Feb. 12, 1918.

(170 Pac. 1142.)

(Syllabus.)

**Guardian and Ward—Guardian's Bond— Liability of Sureties.**

Sureties on a guardian's bond executed under section 6564, Rev. Laws 1910, to authorize sale of real estate, are not liable for misappropriation by the guardian of funds not arising from the sale of the real estate in relation to which the bond was executed.

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by George Edwin Washington, a minor, by his guardian, Fred F. Brydia, against the National Surety Company of New York and others. Judgment for plaintiff, and defendant the National Surety Company of New York brings error. Reversed, with directions to grant the motion for new trial, and to sustain the motion to make the petition more definite and certain.

N. B. Maxey and Kelly Brown (B. H. Epperson, of counsel), for plaintiff in error.

OWEN, J. This action was begun by George Edwin Washington, a minor, in the district court of Pontotoc county, to recover for an alleged shortage of E. H. Johnston, his former guardian. The sureties on the general bond and the sureties on an additional bond for the sale of real estate were joined as defendants. The plaintiff in error became surety on a bond executed as a prerequisite for the sale of real estate, as required by section 6564, Rev. Laws 1910, after the guardianship proceedings were commenced.

The petition alleges a shortage on the part of the former guardian, an adjudication in the county court as to the amount of the shortage, and a failure to pay over after demand, and that, by reason of the execution of the special bond authorizing the sale of real estate, the plaintiff in error became liable jointly with the sureties on the general bond for any shortage and defalcation of the guardian. Plaintiff in error filed a motion to make the petition more definite and certain as to the date of the shortage; that is, whether it pertained to money arising from the sale of the real estate, in relation to which the bond, on which the plaintiff in error was surety, was executed. This motion was overruled, and exceptions saved. A demurrer was then filed to the petition, which was overruled, and the plaintiff in error objected to the introduction of any evidence in support of the petition. This objection was overruled, and judgment rendered against the plaintiff in error jointly with the other defendants.

It was error to overrule the motion to make the petition more definite and certain, for the reason that the plaintiff in error, as surety on the sales bond, was not liable for any defalcation of the guardian of funds not arising from the sale of the real estate. This was a special bond executed for the

purpose of securing the funds arising from the sale of the real estate, and by the very terms of the bond was limited to that fund, and did not cover the faithful performance by the guardian of his duties except as they related to this bond.

This case is ruled by the case of Smith et al. v. Garnett et al., 62 Okla. 76, 161 Pac. 1083, where it was held sureties upon a guardian's special bond, given as a prerequisite to the sale of real estate, as provided for in section 6564 Rev. Laws 1910, are not liable for misappropriation by the guardian of funds not arising from the sale of the real estate in relation to which the bond was given. This is not in conflict with the case of Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 728, 43 L. R. A. (N. S.) 308, where it was held that sureties on the general bond executed by the guardian were not relieved from liability by execution of the special or sales bond. The latter bond being merely cumulative, the sureties on the former bond were liable for any shortage of the guardian, regardless of the liability of the sureties on the sales bond. No such question is presented here. The liability of the sureties on the general bond executed by the guardian is not presented.

The judgment of the lower court is reversed, with directions to grant the motion for new trial and sustain the motion to make more definite and certain filed by plaintiff in error.

All the Justices concur.