## SOUTHERN SURETY CO. v. JEFFERSON et al.

No. 8518—Opinion Filed March 12, 1918.

Rehearing Denied Aug. 13, 1918.

(174 Pac. 563.)

**1. Guardian and Ward — Settlement of Account—Parties—Surety on Bond—Conclusiveness.**

In the settlement of a guardian's account in the county court having jurisdiction thereof, the surety upon his bond as guardian is not a necessary party to such proceeding or entitled to notice thereof, and, in the absence of fraud, it is conclusive as to the adjudication therein made.

**2. Same.**

Where a guardian upon final account attaches to his account a certificate of time deposit in a bank purporting to have been made by him, on order of the county court, which said time deposit was falsely issued, and an action is brought by such ward against the surety on the bonds executed by his guardian, the court properly overruled a motion to make such a bank a party to said action, as the question as to any wrong that may have been done such surety by the wrongful issue of such certificate of deposit cannot be adjudicated in such action.

**3. Same—Ward's Action on Bond—Defense.**

That a fraudulent certificate of a time deposit purporting to be made by the guardian, attached to the final account rendered by the guardian, caused the surety loss, cannot be set up by the surety as a defense in an action brought by a ward against the surety for a devastavit.

**4. Same.**

Where a guardian by order of the court is ordered to deposit in a bank moneys belonging to his ward, and makes such deposit, and afterwards transfers by check such deposit to his personal account. and uses the money, such deposit cannot be set up as a defense to an action brought by a ward against the surety on his guardian's bonds for a devastavit committed by his guardian.

## 5. · Same—Petition—Defense.

In an action by a ward against the surety on the bond of a guardian of such ward, the devastavit of the guardian being sufficiently averred in the petition, it is not necessary to aver in the petition that the devastavit set up therein has not been paid, as such payment is a matter of defense to be pleaded by the surety.

(Syllabus by Collier, C.)

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by Layson Jefferson, a minor, by his next friend and legal guardian, B. B. Bronson, against the Southern Surety Company and W. C. Allen, with cross-petition by the company. Judgment against the company, its motion for a new trial overruled, and it brings error. Affirmed.

Kent V. Gay, for plaintiff in error.

Chas. H. Hudson, for defendants in error.

Opinion by COLLIER, C. This action was instituted by Layson Jefferson, a minor, by his guardian, against W. C. Allen, his former guardian, and the Southern Surety Company, as the surety on two of said former guardian's bonds, to recover the sum of $4,699.85. Hereinafter the parties will be designated as they were in the trial court. Allen did not interpose any defense to the action.

The amended petition alleged that prior to the 27th day of July, 1914, W. C. Allen, who had been appointed as guardian of plaintiff, had received certain sums of money belonging to said minor, and had converted $4,531.25 of the money so received to his own use, and had been therefore found by the county court of Latimer county, state of Oklahoma, in a probate cause wherein said W. C. Allen was guardian of said Layson Jefferson, a minor, in said sum; that the Southern Surety Company in said guardianship matter executed two bonds in the respective sums of $1,000 and $4,000 for said W. C. Allen as such guardian, insuring the faithful performance of his duties by said guardian. Said plaintiff further averred that W. C. Allen entered upon the duties of his said trust, and took possession of the property of the estate of said plaintiff; that said guardian collected and received moneys belonging to said minor amounting to $4,531.25, and converted the same to his own use, and refused and neglected to account therefor to said county court of Latimer county, Okla., or to the plaintiff, or any court having jurisdiction thereof; that on the 9th day of January, 1914, a decree was entered by the said county court whereby said guardian, W. C. Allen, was ordered to pay to said court, for the use and benefit of the plaintiff, the sum of $4,531.25, the same being the moneys which came into the hands of said guardian belonging to said plaintiff; that on the 24th day of August, 1914, this plaintiff obtained judgment against said guardian, W. C. Allen, in the sum of $4,531.25, and interest thereon from January 9, 1914.

The Southern Surety Company, one of said defendants, filed demurrer, which, omitting caption, is as follows:

"Comes now the defendant, the Southern Surety Company, and demurs to the amended petition of plaintiff herein, and for such demurrer states that said petition does not contain facts that constitute a cause of action in favor of plaintiff and against this defendant, for that said petition alleges that on the 24th day of August, 1914, plaintiff obtained judgment against W. C. Allen for the sum of $4,699.85, but does not allege that said judgment is unpaid, nor does it show that any effort has been made by plaintiff to collect such judgment. Wherefore the defendant prays that it be discharged with its costs."

Which demurrer was overruled by the court, to which the defendant duly excepted.

On the 12th day of October, 1914, the Southern Surety Company filed an answer and cross-petition, in which answer it is admitted that it is a corporation; that it executed the bonds herein sued upon; that said bonds were duly approved by the then county judge of Latimer county, and thereby placed of force; denies that there is now any liability on either of said bonds to the said Layson Jefferson, or any other person in any sum whatsoever; that on the 9th day of January, 1914, the county court of Latimer county directed said W. C. Allen as guardian to pay to said court for the use and benefit of said minor the sum of $4,531.25, but charges that said order was made without legal notice of such hearing upon the said guardian or upon the defendant as surety, and that said order is erroneous for the reason that said guardian did not at that time owe such sum of money to his said ward; and, because of the failure to give such notice and of such erroneous finding the said order is void, and this suit is prematurely brought. The defendant, further answering, and as its cross-petition against the Latimer County National Bank, alleges and charges that, attached to and made a part of the annual report filed by said guardian in 1912, there appeared a certificate of said bank that said

guardian had on time deposit in said bank the sum of $4,200; that at the time said certificate was so made by said bank neither the sum of $4,200 or any part thereof was on deposit with said bank as a time deposit, nor was it deposited with said bank in any other manner, but that said certificate was wholly false, and was made for the purpose of deceiving this court, and of procuring this defendant to remain upon said bond as surety; that by reason thereof said defendant, relying absolutely on the truthfulness of said statement, remained upon said bond; that at the time said certificate was made said guardian was solvent, and had this defendant known that said sum of $4,200 was not on deposit, as alleged in said certificate, that it would have been able to have recovered said sum from said W. C. Allen, and have prevented any loss to itself; that, because of its reliance upon said certificate, this defendant remained upon said bond and took no action against said Allen to recover said sum of $4,200; that, because of its failure to take such action as it otherwise would have taken, this defendant has been damaged in the sum of $4,200, with interest thereon from the date of said certificate; that said damage is the direct result and is wholly caused by the fraudulent certificate made by the said Latimer County National Bank: The said defendant prayed that the Latimer County National Bank be made a party defendant herein, and, in the event that plaintiff prevails in this suit against this defendant. that this defendant have and recover judgment over against said Latimer County National Bank for said sum of $4,200.

On the 13th day of October, 1914, the plaintiff filed a motion to strike said cross-action from plaintiff in error's answer, on the ground that it is not necessary to determine the issues of this case that the Latimer County National Bank be made a party to this action, which motion was sustained by the court, to which the defendant excepted.

It is admitted in defendant's brief that the following facts are not disputed:

"Prior to the institution of this said case in the district court of Latimer county, state of Oklahoma, W. C. Allen, defendant in error. was by the court of Latimer county, state of Oklahoma, appointed as guardian of Layson Jefferson, minor, defendant in error, and as such guardian executed two bonds as such officer; the first of these bonds being known as an original guardianship bond, being dated July 28, 1909, being in the sum of $1,000, and being signed by said

W. C. Allen as principal, and by the plaintiff in error, the Southern Surety Company, as surety; the second of these bonds is what is known as the additional or sales bond, is dated the 28th day of May, 1910, is payable to Cliff E. Peery, county judge, is in the sum of $4,000, and is signed by the said W. C. Allen as principal, and by plaintiff in error, the Southern Surety Company, as surety; both of which above bonds were filed in said probate cause, and went into full force and effect; that thereafter, on the 9th day of January, 1924, said W. C. Allen was by the county court of Latimer county removed as guardian of said Layson Jefferson, and found to be indebted to said Layson Jefferson in the sum of $4,531.25, which said order appointed B. B. Bronson, who sues herein, as guardian and next friend of defendant in error, Layson Jefferson; that prior to September 20, 1912, the county court of Latimer county ordered said W. C. Allen, as guardian of Layson Jefferson, to deposit the funds in his hands and belonging to said Layson Jefferson in some bank in Latimer county, and that pursuant to said order said W. C. Allen, defendant in error, filed in the county court of Latimer county in said guardianship cause a certificate of the Latimer County National Bank, showing that, as such guardian, he had on time deposit on the 20th of September, 1912, $4,200.00, and on open account $130.55."

There was undisputed evidence that the defendant Allen. since the rendition of the judgment against him as such guardian, had not paid anything on account of the judgment that had been rendered against him, as guardian of plaintiff, and that there was also undisputed evidence that there was no money on deposit as guardian in the said Latimer County National Bank to the credit of said Allen as guardian. and had not been for more than two years; that any money there may have been to the credit of said Allen in said bank as guardian was afterwards drawn out by him and placed to his personal account and by him expended.

The court found that judgment had already been rendered against W. C. Allen for the sum of $4,531.25, and "that there was due on said bonds from the defendant (Southern Surety Company) to the plaintiff the sum of $4,531.25," and rendered judgment against the Southern Surety Company in the said sum of $4,531.25, and interest thereon from the 9th day of January. 1914, making a total amount of $5,131.64.

Timely motion was made for a new trial, which was overruled, to which the Southern Surety Company duly excepted. and brings error to this court.

The errors assigned are: (1) That the de-

cision of the court is not supported by sufficient evidence; (2) error in sustaining motion to strike cross-petition from defendant's answer; (3) error of law overruling demurrer filed by defendant to amended petition of plaintiff; (4) error of law in overruling motion of plaintiff for a new trial.

The sole ground of demurrer to the amended petition is that it fails to state a cause of action because it avers that a judgment had been obtained against Allen, and does not show that any effort had been made by plaintiff to collect said judgment.

We are of the opinion that the allegation in the petition "that said guardian collected and received moneys belonging to said minor amounting to $4,531.25, and converted same to his own use, and refused and neglected to account therefor to said county court of Latimer county or to this plaintiff, or to any court having jurisdiction thereof," is sufficient averment that the guardian has not paid said judgment or any part thereof. Again, we do not think it was necessary to aver in the petition the nonpayment of the judgment, for the reason if the judgment had been paid it was a matter of defense to be made and set up by the defendant, and that no effort had been made by the plaintiff to collect said judgment could not be set up as a defense in this action against the surety, and therefore the court did not err in overruling the demurrer to the petition.

In 30 Cyc. 1253 (B) it is said:

"Nonpayment need not be alleged in the complaint."

In Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846, it is held:

"Payment is an affirmative defense, and, to be available, must be expressly pleaded. It cannot be shown under a general denial."

In Edwards et al. v. Johnston-Larimer Dry Goods Co., 59 Okla. 101, 158 Pac. 446, it is held:

"Payment is always a matter of defense, and the burden of proof is upon the party alleging the same."

Notwithstanding the surety was not made a party or notified in the proceeding in which it was adjudged the amount of devastavit committed by Allen as guardian, such adjudication was conclusive upon said surety.

"In the absence of fraud or mistake, a final judicial settlement by a guardian is in most states conclusive on the sureties as to the existence and amount of the guardian's liability to the ward, even where the sureties were not made parties to the proceeding or notified thereof." 21 Cyc. 239, and authorities there cited in notes 43 and 44.

In Henry et al. v. Melton, 46 Okla. 278, 148 Pac. 730, it is said:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting."

In Greer et al. v. McNeal et al., 11 Okla. 519, 69 Pac. 891, it is held:

"In the absence of fraud and collusion, the amount found to be due against the administrator upon a final settlement of his accounts by the judgment of the probate court is conclusive not only upon him, but upon his sureties in an action upon the administration bond, unless an appeal has been taken or the judgment has been reversed upon a proceeding in error."

In Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696, it is held:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting."

There is no allegation of fraud in the court's finding on final settlement of the guardian, and no appeal was taken from the order, and it therefore fixed and determined the liability of the guardian and the sureties on his bond, notwithstanding the surety was not notified of the settlement or made a party thereto. This is well settled in this state.

It is averred in the answer of the defendant company that the certificate of a time deposit of said bank purporting to have been made by Allen and attached to the report of the said guardian on his settlement in the county court was false and fraudulent, and that no such deposit had been made, and that the surety had been wronged and injured by this false misrepresentation, and therefore it had a right in this case to recover from the bank issuing such fraudulent certificate, and therefore that said bank was the proper party in this case. With this contention we cannot agree. If it be admitted that the said company was injured by the issue of said fraudulent certificate, and had a right to recover from the bank therefor, such question could not be litigated in this action.

and such bank was not a proper party to this action.

Section 4691, Rev. Laws, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Certainly the said bank had no interest in this controversy adverse to the plaintiff, and said bank was not a necessary party to a complete settlement of the question involved between the plaintiff in the instant case and the surety, and the court did not err in striking the cross-action of the defendant, and refusing to make said bank a party in this case.

We have carefully considered the evidence, and are satisfied that the judgment rendered is fully supported thereby. We think that the motion for a new trial was properly overruled.

Finding no errors in the record, this cause is affirmed.

By the Court: It is so ordered.