## FURGERSON et al. v. RENFROW, Gdn.

No. 12968—Opinion Filed Dec. 2, 1924.

Rehearing Denied Oct. 13, 1925.

**1. Guardian and Ward—Devastavit — Suit on Both General and "Sales Bond."**

A guardian may sue his predecessor in office and one surety, without joining other sureties, in one action on both the joint and several general bond and the joint and several special or "sales bond" of the former guardian, for his devastavit arising from the sale of the ward's real estate on which such "sales bond" was given, since such "sales bond" specifically covers such devastavit and such general bond covers same together with all other defalcations. In such case, if part of the devastavit does not arise from such sale of the ward's real estate, and for that reason is not covered by such "sales bond", but such amount is within the penalty of the general bond, the plaintiff guardian may, nevertheless, recover the total devastavit on both bonds.

**2. Same—Finding of County Court on Devastavit Conclusive—Collateral Attack.**

A guardian's devastavit is established by a finding of the county court, which finding is conclusive on the former guardian and the sureties on his bond and cannot be collaterally attacked in a suit ordered by the county court against them.

**3. Same—Action on Bond—Petition — Defense.**

In such case, such devastavit being sufficiently averred, it is not necessary to aver nonpayment thereof, since such payment is affirmative, defensive matter.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

H. D. Renfrow, guardian of Leon May Furgerson, a minor, had judgment against W. E. Furgerson and B. H. Markham on two guardianship bonds. Markham appeals. Affirmed.

Ned Looney, for plaintiffs in error.

Guy L. Andrews, for defendant in error.

Opinion by ESTES, C. Parties will be

referred to as they appeared in the trial court, inverse to their order here. Renfrow, guardian of Leon May Furgerson, a minor, had judgment against W. E. Furgerson, former guardian, and B. H. Markham for $1,412.75 on two guardianship bonds. Defendant Markham appealed. The bonds were in the usual form for such purpose and exhibited to the petition. The first was a general bond for $1,000. The second, for $2,000, was a special or "sales bond" given on the sale of real estate of said minor. Furgerson, as principal, and Markham as surety, signed each bond. Two others also signed the first as sureties and one, not signatory of the first, also signed the second bond as surety. Plaintiff alleged, inter alia, that Furgerson had been removed as guardian of said minor by the county court of Pittsburg county and plaintiff appointed; that there was found to be due from Furgerson, the guardian, to the estate of said ward, said sum, as proceeds of the sale of lands belonging to the minor; that on demand defendant had refused to pay same. The order of the county court was exhibited to said petition showing that there was due and owing from said guardian to the estate of said ward, said sum, and that he was ordered and directed to pay same into court within 30 days from the order, in default of which suit should be brought upon his bond. This finding and order was made on a hearing required of Furgerson for making his final report and for his removal. No appeal was taken therefrom. Plaintiff's evidence reasonably supports said allegations in every material respect. Defendant introduced no evidence. Defendant's two assignments of error will appear in the propositions herein discussed.

1. It is laid down in Southern Surety Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748, that said first or general bond was to secure to the infant the proper accounting for all funds from whatever source derived; that the special or "sales bond" was cumulative security required and given for the benefit of the ward; that the failure of Furgerson to account for proceeds of sale of ward's real estate did not excuse or absolve Markham, the surety, on the original or general bond. Plaintiff could, therefore, sue defendant on either or both bonds, for failure to account for proceeds of the sale of the ward's land. In National Surety Co. of N. Y. v. Washington et al., 67 Okla. 286, 170 Pac. 1142, Mr. Justice Owen lays down the rule under the statute—not in conflict with the Burney Case—by which Markham was not

liable on said special bond for failure of Furgerson to account for funds not arising from such sale of his ward's real estate. Otherwise stated, Markham was liable on said general bond to the extent of the penalty thereof, for all defaults of Furgerson, but not liable on the special bond except for default as to funds arising from sale of the ward's real estate. The trial court herein found that all the money due from Furgerson to plaintiff was from the sale of the ward's real estate except the sum of $400. Whether evidence in this behalf was competent or incompetent, it was without prejudice, for the $400 was within the penalty of the general bond. If such finding was correct, Markham was liable on the general bond for $400 and liable on the special bond for the balance. Otherwise he was liable on the special bond for all. Any or all of the sureties upon both bonds could be sued in one action to recover the amount due from the guardian to his successor. People's Bank & Trust Co. v. Nelson, 37 Okla. 500, 132 Pac. 493; Abraham v. Harry, 65 Okla. 253, 165 Pac. 1154. Under our statute, those severally liable on the same obligation, or any of them, may be included in the same action. Equitable Surety Co. v. Sapp, 77 Okla. 219, 187 Pac. 917; Chowning v. First State Bank of Tuskahoma, 102 Okla. 4, 225 Pac. 715. Likewise defendant's contention that each bond was joint—not joint and several—and for that reason, he could not be sued without joining all other sureties, was untenable. Each bond recited "we bond ourselves, our heirs & c. jointly and severally." By their very terms, the bonds were joint and several.

2. Said finding and decree of the county court was conclusive on the defendant Markham as surety, no fraud being alleged. Title Guaranty & Surety Co. v. Slinker, 35 Okla. 153, 128 Pac. 696, affirmed numerous times by this court. Said judgment could not be collaterally attacked herein by Markham. Cabell v. McLish, 61 Okla. 224, 160 Pac. 592.

3. The devastavit of Furgerson having been thus sufficiently averred and proved, it was not necessary for plaintiff to aver and prove that the devastavit set up had not been paid. It was for defendant to plead and prove such payment. Southern Surety Co. v. Jefferson, 73 Okla. 7, 174 Pac. 563. The default of Furgerson having been thus established, the burden was upon Markham, the surety, to show that the default occurred subsequent to his release, if such was the

fact. Aetna Accident & Liability Co. v. Langley, 68 Okla. 283, 174 Pac. 1046; Guyness v. Fooshee, 77 Okla. 306, 188 Pac. 659. We deem it unnecessary to notice further contentions.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.