## MILLER v. SHELTON et al.

No. 15869—Opinion Filed Nov. 10, 1925.

1. **Guardian and Ward — Settlement of Guardian's Account—Necessity for Notice.**

Where an order settling the account of a guardian shows on its face that no notice was given of the hearing, said order is void, as the statute requires notice to be given of the final settlement of guardian's and administrator's accounts.

2. **Same—Loss of Jurisdiction by Due Transfer of Case to Another County.**

Where a guardianship proceeding is pending in one county, and upon application of the guardian, upon proper showing, the case is transferred to another county, the court of original jurisdiction loses all control of said guardianship proceeding, and the jurisdiction of the guardianship proceeding is vested in the county court to which the case is transferred, and an order made in said guardianship proceedings, after said transfer, by the court of original jurisdiction, is absolutely void for want of jurisdiction.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Wade Shelton and Dolores Shelton, against J. M. Miller. Judgment for plaintiffs, and defendant brings error. Reversed.

R. A. Howard and Brett & Brett, for plaintiff in error.

H. A. Stanley, for defendants in error.

Opinion by MAXEY, C. The petition in this case alleges that one Phillip Stephenson was appointed guardian of Ivy Stephenson on the 20th day of April, 1914, and gave a guardian's bond in the sum of $500 with J. M. Miller, the plaintiff in error, as said bondsman; that Ivy Stephenson was thereafter married to the defendant in error Wade Shelton, and that there was born to them the other defendant in error, Dolores Shelton, said husband ad daughter being Ivy's sole heirs at law; that on the 28th day of March, 1922, the county court of Carter county made an order settling the account of Phillip Stephenson, guardian of Ivy Stephenson, and found that Phillip

Stephenson was indebted to Ivy Stephenson in the sum of $1,804.29, which had not been paid, and prayed for judgment against plaintiff in error, J. M. Miller, for $500, the penalty of his bond.

The defendant, Miller, answered by general denial, and especially pleaded that plaintiffs had already instituted a suit styled "Wade Shelton v. G. W. Lobestein," seeking to recover the land that had previously belonged to Ivy Stephenson, and having elected to recover the property from which the money was derived, that caused the shortage in the account of the guardian, they were estopped from claiming the proceeds of the sale of said land. The defendants in error, among other things, offered in evidence the order of the county court of Carter county, Okla., of March 28, 1922, which is as follows:

"Now, on this the 28th day of March, 1922, came on to be heard the final report of Phillip Stephenson, guardian, and his petition to be discharged. The court, after hearing said application and being fully advised in the premises, finds that said Phillip Stephenson, as such guardian, is due his said ward and her estate the sum of $1,804.29, and he is hereby ordered to immediately pay said sum into court. Upon the payment of said amount aforesaid into this court, the said Phillip Stephenson shall be discharged as such guardian, and he and his bondsmen relieved and discharged from any and all liability in this case because of said guardianship, and the execution of any bonds or all bonds, whether same be general guardianship bonds or special sale bonds, executed during said guardianship."

This order was objected to on the ground, among others, that the county court had no jurisdiction to make said order, which objection was overruled and exceptions saved.

The plaintiff in error then introduced the order of the county court of Carter county, made on the 16th day of September, 1914, transferring the guardianship of Wayne, Ivy and Anna Stephenson from Carter county to Seminole county. Said order transferring the case to Seminole county is in words and figures as follows:

"Now, on this the 16th day of September, 1914, this cause coming on to be heard upon the petition of the guardian showing that the wards herein were now residents of Seminole county, Okla., and asking that this case be transferred to said Seminole county, and it appearing to the court that due and legal notice of this hearing had been given, said hearing having been originally set for hearing September, ———, 1914, and duly postponed and continued until this date, and after hearing said petition and the proof offered in support thereof, it is ordered that

this cause be and the same is hereby transferred to the county court of Seminole county, Okla., and that all the original papers, together with this order, be transmitted to said court, and there be used as the original papers in said cause."

The plaintiff in error demurred to the evidence of plaintiffs, which was overruled, and objections saved, and judgment was entered against the plaintiff in error, J. M. Miller, for the sum of $500, the penalty in the bond, with interest. Motion for a new trial was filed and overruled, exceptions saved, and notice of appeal given, and time taken to prepare and serve case-made, which was done, and the case is now before this court for review.

There was no attempt made to prove the liability of plaintiff in error, J. M. Miller, except the order of the county court made on the 28th day of March, 1922. It is contended by plaintiff in error that the order of March 28, is void upon its face and shows that the county court had no jurisdiction of the guardianship proceedings, because the same had been transferred to Seminole county; and for the further reason that the order fails to comply with the requirements of the statute giving the court jurisdiction, and he invokes section 1478, 1921 Statutes, in guardianship procedure, which provides as follows:

"All the proceedings under petition * * * accounting, and the settlement of accounts must be had and made as provided and required by the provisions of law concerning the estates of decedents, unless otherwise specifically provided herein."

The only section in the article in guardianship procedure referring to accounts is section 1461, which provides that the guardian must submit an account to the county court for settlement and allowance. It is clear from this that the county court must settle the accounts of guardianships in the same manner and under the same proceedings that the accounts of executors or administrators are settled. Section 1335, Comp. St. 1921, provides for the settlement of administrators, other than the final account, and that notice of such settlement must be given by posting notices in at least three public places. The next section, No. 1336, 1921 Statutes, provides:

"Every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than 20 days after the filing thereof; and notice of such hearing shall be given by publication for two successive weeks in some newspaper of general circulation published in the county."

It would seem that without the notice being given, the court is without authority to make an order settling the accounts of the guardian or administrator, and the attempt to do so, without such notice, is void.

Section 1340, Comp. St. 1921, refers to the settlement of account of administrators and guardians, and provides:

"The account must not be allowed by the court until it is first proved that notice has been given as required by this article, and the decree must show that such proof was made to the satisfaction of the court and is conclusive evidence of the fact."

The precise question under consideration has not been before this court, so far as we are able to find, and nothing is cited, but it seems to have been before the courts of California a number of times, and every case where the account, final or other than the final account, was settled by the probate court without the statutory notice first being given, it is held to be void. In re Spanier's Estate (Cal.) 53 Pac. 357. It appears that in that case, the probate court had made an order on the administrator to pay an item of $150 due one Charles Frank, and on the settlement of the account, this item was objected to. The administrator claimed that he was entitled to credit because of the order of the court directing him to make such payment, but it was objected that no notice had been given prior to the making of the order allowing the administrator to pay the $150 item to Frank; that the order was made without notice required by law. And in the case of Livermore v. Ratti (Cal.) 89 Pac. 327, which is a case almost identical with the one under consideration, it was held that the order made without the statutory notice was void.

It will be observed that the order of the county court settling the account of Phillip Stephenson on the 28th day of March, 1922, is absolutely silent as to the giving of notice. The giving of this notice required by statute is like the signing and settling of a case-made upon appeal, where it failed to show that all parties interested either waived or were present or duly notified of the time and place of signing and settling of case-made. Churchman v. Payte, 37 Okla. 649, 133 Pac. 178.

It certainly cannot be contended that the settling of the account of an administrator or guardian is of less importance than the signing and settling of a case-made. Especially so when the giving of notice is jurisdictional, the statute providing that the order must show that proof of giving the notice was made.

We are not unmindful of the line of decisions from this court and followed in Southern Surety Company v. Jefferson, 73 Okla. 7, 174 Pac. 563, where is is held that:

"In the settlement of a guardian's account in the county court having jurisdiction thereof, the surety upon his bond, as guardian is not a necessary party to such proceeding or entitled to notice thereof, and in the absence of fraud, it is conclusive as to the adjudication therein made."

We think the rule in that line of cases is not applicable here, for the reason that the guardian had died something over five years prior to the time this order was made. There was no guardian of Ivy Stephenson after her death. If the guardian was indebted at all, he was indebted to the estate of Ivy Stephenson, and the order finding that the guardian was indebted to his ward and her estate is not in compliance with the statutes. This court in the case of City of Anadarko v. McKee, 89 Okla. 166, 214 Pac. 700, said:

"Upon the death of Edith McKee the powers of John McKee as her guardian ceased, and all the interest of the deceased in the judgment passed to her personal representatives, and they alone are the real parties in interest.

"The rights and powers of the guardian being terminated by the death of the ward, he could not take any step to collect the judgment, he could not have prosecuted a proceeding in error had the judgment been for the defendant, nor can a proceeding in error be prosecuted against him as guardian of the deceased, for the reason that deceased persons are not and cannot be represented by guardians."

The following cases from other states support the rule laid down in the McKee Case: Barrett v. Provincher, 39 Neb. 773, 58 N. W. 292; Alford v. Halbert, 74 Tex. 354, 12 S. W. 76; Livermore's Estate, 132 Cal. 99, 64 Pac. 113; State Fair Ass'n v. Terry, 74 Ark. 149, 85 S. W. 87. The record in this case is so full of errors that it is impossible to sustain the judgment of the trial court. There was a want of jurisdiction in the county court to make the order of March 28, 1922, and the order, if the court had jurisdiction, was void for want of notice. It was fraud, because the record shows that the guardianship proceeding was transferred from the county court to Seminole county on the 16th day of September, 1914, and there is no evidence of any kind in the record to show that it was ever transferred back to the county court, and so far as the record shows, and we can only speak by the record, the guardianship proceeding, if there is such, is now

pending in the county court of Seminole county.

For the errors herein pointed out, the judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1219, §381. (2) 15 C. J. p. 1150, §625.