THE WESTERN UNION TELEGRAPH COMPANY *v.* SMITH.

1. The declaration in a suit against a telegraph company to recover the statutory penalty for failure to deliver a telegram in due time, is amendable so as to make it allege that the person to whom the telegram was addressed resided within the city to which it was sent, and within one mile of the company's station.
2. Failure of the sender of a telegram to indicate in the address the street and number of the sendee is not of itself negligence on his part, the company having accepted the message for transmission and received the toll therefor without the address being more specific than it was, and, so far as appears, without inquiring of the sender touching the street and number.
3. The search and inquiry to find the sendee made by the company in the city to which the telegram was addressed, not embracing any inquiry at the post-office, may have been less extensive than the occasion and circumstances required. This was a question for the jury, and the trial court having approved the finding and refused to set the verdict aside, the Supreme Court will not interfere.

March 26, 1894. Argued at the last term.

· Action for penalty.    Before Judge TURNBULL.    City court of Floyd county.    March term, 1893.

McHENRY, NUNNALLY & NEEL, for plaintiff in error.

C. ROWELL and V. L. SMITH, *contra.*

SIMMONS, Justice.

H. G. Smith sued the telegraph company for the statutory penalty for failure to deliver a message dated May 2, 1892, signed by him and addressed to C. M. Fort, Atlanta, Ga., this message having been delivered by the plaintiff to the company's agent at its office in Rome, Ga., and the charges for sending the same being prepaid.    There was a verdict for the plaintiff, and the defendant's motion for a new trial being overruled, it excepted.

1. There is no merit in the objection that, this being a proceeding to enforce a statutory penalty, the rule of amendment applicable to actions arising *ex contractu* or *ex delicto* does not apply.    " There is no difference as to the doctrine of amendment at common law between penal and other actions " (Tidd's Practice, p. 711; see also cases to this effect cited in note to *Ellison* v. *Railroad Company,* 87 *Ga.* 723); nor has such a distinction been made by any statute of this State.    An instance of the application to this class of cases of the doctrine of amendment applicable to actions at law generally, will be found in the case of *Conyers v. Telegraph Company,* decided at the last term of this court.    92 *Ga.* 619.    Applying the rule of amendment applicable to other actions, there can be no question that this amendment was proper.

2. It is complained that the court failed to charge the jury that, this being an action for a penalty, before the plaintiff could recover he must be without fault or negligence, and if he addressed a message in Rome, to be sent to Atlanta, and failed to give any definite address

as to the number of house or street, such failure would constitute contributory negligence, and he could not then recover. No written request to so instruct the jury was presented to the court; and besides, we do not think such an instruction would have been proper. It would certainly be going very far to say, as a matter of law, that the sender of a dispatch who does not, in giving the sendee's address, specify a particular street and house, is guilty of such negligence as would preclude a recovery by him for negligence of the telegraph company, without regard to whether he was able to furnish such information or not, and without regard to whether the telegraph company inquired of him in reference thereto or not. So far as appears from the evidence in this case, the address given by the sender was as specific as he knew how to make it, and the company accepted the message and the pay for it without attempting to have the address made more specific than it was. In the case of Western Union Telegraph Company *v.* McDaniel, 2 N. E. Rep. 709 (Ind.), relied on by counsel for the plaintiff in error, the sender was asked by the agent of the company to give the Christian name of the person for whom the message was intended and the number of her residence, but replied that it was unnecessary and directed the message to be sent without such name and number.

3. The messenger of the defendant at Atlanta testified that when the message was turned over to him to be delivered, he did not know C. M. Fort, the addressee, and had never heard of him, and not finding his name in the city directory or address-book of the company, he took the message to all the hotels in the city, except the Markham House, and made inquiry for C. M. Fort, but could not find such a person; he then handed the message to another messenger who was on his way to the Markham House, and asked him to inquire there for

C. M. Fort. That messenger left it with the clerk at
the Markham House, although it did not appear that any
person named C. M. Fort was at the hotel or had ever
been. The hotel clerk stated that there was a person
staying at the hotel by the name of Fort, who had a
brother at dinner with him, but it does not appear that
he informed the messenger that either of these persons
was C. M. Fort; nor does it appear that the messenger
sought any further information on this point. The
message was never delivered to the addressee. He was
then residing in Atlanta, at No. 451 Courtland street,
and occupied an office at No. 6 Kimball House, and had
been a resident of the city for about six months. Before
this message was sent he had received other messages
through the defendant's office in Atlanta.

When the plaintiff proved that the message was not
delivered, a *prima facie* case of negligence was made
out, and it became incumbent on the company to show
that it exercised due diligence. The leaving of the
message at the Markham House, simply because there
was a person there named Fort, without making any
further inquiry then or afterwards to ascertain whether
this was the proper person or not, might well have been
regarded by the jury as insufficient to establish due dili-
gence on the part of the company, and if its efforts to
find the addressee before leaving the message at the
hotel were not sufficient to relieve the company of any
further duty in the premises, the jury were clearly war-
ranted in finding as they did. Whether the company
was justified in abandoning all further effort to find the
addressee when it failed to find him at the hotels or to
find his name in the city directory or address-book of
the company, would depend upon whether there were
other means of finding him, which in the exercise of
ordinary and reasonable diligence it ought to have re-
sorted to. A means which might naturally have sug-

gested itself to the company as likely to prove effective, and which doubtless would have been so if the company had resorted to it in this case, was an inquiry at the post-office, or a notice sent through the mail to the addressee of the message. It has been said: " If, after a reasonable effort to find the person addressed, the company is unable to do so, it might perhaps be under an obligation to mail him a copy of the message at the place of destination, upon the ground that the postal authorities have, as a rule, immediate knowledge of new and altered addresses,—a knowledge which a telegraph company, drawing its information from directories, might easily be without." Gray on Communication by Telegraph, §23. We do not undertake to say, as a matter of law, that the company was under any obligation to do this. The omission to do so, however, is a sufficient ground for upholding the verdict in this case. The jury were authorized to find that in failing to do so the company did not do, or have done, all that ordinary and reasonable diligence required of it. Whether due diligence was exercised or not was a question for the jury; and the jury having found that such diligence was not shown on the part of the defendant, and the trial judge having approved their finding, this court will not interfere.                     *Judgment affirmed.*