CASE 94—PETITION EQUITY—MAY 25.

# Boyd, Etc. v. Withers.

APPEAL FROM BATH CIRCUIT COURT.

1. GUARDIAN AND WARD—SURETY ON BOND—BURDEN OF PROOF.— Where the surety in a guardian's bond makes a motion to require the guardian to execute a new bond, the guardian at that time having already failed to make the settlements required by law (Kentucky Statutes, section 2037), the burden of proof is upon the surety in the first bond to show that at the time of the execution of the new bond, the trust fund which had theretofore come to the hands of the guardian, was intact in his hands or had been properly disbursed.

C. W. GOODPASTER FOR APPELLANTS.

1. In equitable actions to surcharge county court settlements, the plaintiff must specify the particular items objected to and must prove the exceptions he takes to them. Campbell v. Williams, 3 Mon., 324; Tanner v. Skinner, 11 Bush, 129.

2. Whenever a surety has contracted with reference to the conduct of one of the parties in a suit, or proceeding in court, he is, in the absence of fraud, or collusion, concluded by the judgment.

Hughart v. Spratt, 78 Ky., 316; Braden v. Mercer, 44 Ohio St., 34; Shepherd v. Pebbles, 38 Wis., 373; Lothrock v. Southworth, 5 Mich., 436; Towley v. Towley, 46 N. H., 434; Willey v. Paulk, 6 Conn., 74; Stovall v. Banks, 10 Wall., 588; Herd v. Lodge, 20 Pick., 58; Sturgis v. Map, 33 Vt., 521; Black v. Caruthers, 6 Humph., 87; Dowling v. Polack, 18 Cal., 625; Warner v. Mathews, 18 Ill., 86; Evans v. Commonwealth, 8 Watts (Pa.), 398; Garber v. Commonwealth, 7 Pa. St., 266; Watts v. Gayle, 20 Ala., 817; Caroney v. Jerome, 58 N. Y., 322; Douglas v. Howland, 24 Wend., 35; Brandt on Suretyship, secs. 533-4.

3. There is no procedure by which sureties on bonds of guardians can be relieved from accrued liability. Gen. Stats., chap. 104; Pepper v. Donnelly, 87 Ky., 264.

4. Even if there had been no devastavit, or if the guardian himself had been solvent, the surety would nevertheless be liable to the extent of the guardian's indebtedness to the wards at the time of the execution of the new bond. Civil Code, secs. 26 and 27; Williams v. Rogers, 14 Bush, 783; Moore v. Estes, 79 Ky., 283.

IRA JULIAN ON SAME SIDE.

1. The money had been received by the guardian, and the liability of his surety had been incurred before the acceptance by the county court of the new bond, and the surety on the old bond, not having asked for indemnity as he might have done, is liable for funds theretofore received by the guardian exactly as if there had been no release, and no new bond executed. Pepper v. Donnelly, 87 Ky., 264; Overfield v. Overfield, 18 Ky. Law Rep., 313.

2. The failure to make a settlement by the guardian was a breach of the bond, and this had accrued before the new bond was given and continued for four years. Ky. Stats., secs. 2037 to 2040; Black v. Kaizer, 91 Ky., 422.

3. Even if the statute (sec. 4663) operated to release the surety in the first bond, if the conversion of the ward's money was during the second bond, still after proof of the receipt of the money by the guardian during the first bond, then the burden of proving the date of the conversion was upon the surety, because this was a fact peculiarly within his knowledge. Am. & Eng. Enc. of Law, vol. 7, p. 96.

J. J. NESBITT OF COUNSEL ON SAME SIDE.

KOHN, BAIRD & SPINDLE and J. S. HURT for appellees.

1. A court having special jurisdiction of a subject matter may ac-
quire jurisdiction of the person by consent. McWilliams v. Nor-
fleet, 60 Miss., 992; Lane v. State, 27 Ind., 108.

2. The appellee was released at the time of the default complained of.
Ky. Stats., 4663.

3. The proof in this case only shows a liability of the guardian to
the ward on June 31, 1889. The appellee was released November
4, 1885. Proof of a condition does not raise any presumption as
to when it arose and in the absence of proof showing a devasta-
vit committed prior to November 4, 1885, appellee was entitled
to judgment dismissing the petition. Bryant, Guardian, v. Owen,
1 Kelly (Ga.), 365; Clark, Guardian, v. Wilkinson, 59 Wis., 543;
State v. Paul, 21 Mo., 51; Brandt on Suretyship, vol. 2, section
546; Burnham v. Cornwall, 16 Ben. Mon., 288; Helm v. Common-
wealth, 79 Ky., 67.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

On November 13, 1883, E. R. Withers qualified as the
statutory guardian of appellants in the Bath County Court,
and gave bond with appellee W. A. Withers as his security.
At the November term, 1885, of that court, upon motion
of W. A. Withers to be released from his obligation as
surety for E. R. Withers, the guardian was required to
execute a new bond, which he did, giving A. B. Barnes as
surety thereon. The new bond was accepted and ap-
proved by the court, and an order was entered upon the
records of the court, releasing appellee as surety. No set-
tlement was made by the guardian at the date of this
order, and none had been made by him previously to that
time.

In January, 1889, E. R. Withers became insolvent, and he
was removed as guardian of appellants and a new guardian
appointed for them. Soon after his removal he for the

first time made a settlement of his accounts with the county court, which disclosed that he was largely indebted to each of his two wards. The new guardian instituted proceedings against the former guardian on the second bond to recover the balance found to be due the infants. He realized a small pro rata from the estate of the former guardian and recovered the greater part of the amount due his wards from the estate of the surety on the second bond, but after exhausting both the guardian and the security there remained about $968 due to each of his wards.

In the meantime one of the infants arrived at age, and he, on his own account and the guardian for the other instituted separate actions, seeking to recover from the security on the original bond (appellee here) the balance due them.

Appellee resists judgment and relies for his defense upon the execution of the new bond and the county court order releasing him as surety; and he also puts appellants upon proof of the indebtedness of the guardian and of the balance remaining unpaid. The pleading and proof being the same in each case, they were heard together below and will be considered together on this appeal.

On the trial appellants introduced as proof the county court settlement of the former guardian, made after his removal in 1889, and also proof that the guardian had collected and received for the wards, before the execution of the new bond and while the first bond was in full force and effect, about $7,000, and that a comparatively small sum, consisting chiefly of rents, came into the hands of

the guardian after the execution of the second bond. It also appeared that the surety on the second bond had paid on the judgments of appellants against the guardian largely more than the amount received by the guardian after the execution of the new bond and the entry of the county court order releasing appellee as surety. On the hearing the chancellor dismissed both petitions, and plaintiffs appealed to this court asking a reversal.

The main question to be determined on the appeal is, on whom does the burden rest of proving the date when the insolvent guardian appropriated to his own use the funds of his wards?

It is claimed by appellee that he can be held responsible only for such acts of maladministration of the guardian as are proven to have been done while he was surety on the bond; that in the absence of such proof the presumption is that the funds of the wards were in the hands of the guardian, intact, at the date of the execution of the new bond; that to overcome this presumption and hold appellee liable the burden of proof is upon appellants to show affirmatively that the waste complained of was committed by the guardian during the existence of the first bond, and that the record is wholly wanting in proof conducing to establish this fact.

It is true that in the vast majority of instances the burden of proving any fact lies upon the party who substantially asserts the affirmative of the issue. This is a rule of convenience, adopted, not because it is impossible to prove a negative, but because the negative does not admit of the direct and simple proof of which the affirmative is capable;

yet there are exceptions to this general rule recognized by all the authorities. When a fact is more particularly within the knowledge of one party than the other, the burden of proof is on such party, as the law will not force a party to show a fact which by intendment of law is not within his knowledge (see Greenleaf on Evidence, section 78, and Rice on Evidence, Volume 1, 117.)

And this case illustrates the justness of this exception. The guardian knows the time when he appropriated the funds of his infant wards to his own use, and the security upon his bond, by reason of the relation existing between them, presumably also has knowledge of this fact; whilst, on the other hand, it is manifestly improbable that the infant wards can have any information on this point. The bulk of the estate of the infants came into hands of their guardian during the period of time when appellee was the surety upon his bond, and by the provisions of that bond he obligated himself "that his principal should, at the expiration of the trust reposed in him, deliver and pay over to the infants or to those who may be entitled thereto, all the estate and money in his hands as guardian; and that he would in all respects faithfully execute and perform the trust."

The statute provides that "a guardian shall, within sixty days after the expiration of a year from his appointment, settle his accounts as guardian with the county court, and at least once every two years thereafter, and as much oftener as the court may require." (Section 2037 Ky. Statutes.)

At the time appellee made his motion to require the

guardian to execute a new bond the guardian had already violated the conditions of the first bond, on which appellee was bound as surety, in his failure to make the settlements required by law. The infants were entitled to have these settlements made to enable them to keep track of their property, and it was incumbent upon appellee, before he could properly be asked to be released from liability on the bond, to see that its express provisions had been complied with up to the time when he sought such release.

It has been held by this court that "a surety upon an official bond, who has by proper motions procured the execution of a new bond, continues to be responsible for the acts of his principal done prior to the execution of a new bond." (See Pepper v. Donnelly, 87 Ky., 259.) And it has been also held that the security on the new bond is responsible only for such acts of the principal as are thereafter done. (See Jones v. Gallatin County, 78 Ky., 491.)

It is therefore evident that if the contention of appellee is a sound one, in case of the death of a guardian who had given successive bonds, or if from any cause he should fail or refuse to fix the date of the conversion of his ward's money, his ward would in most instances be left without a remedy because of his inability to fix the date of the devastavit, and the provision made by law for his security and protection would thus be rendered nugatory.

The liability of a surety on a guardian's bond, so far as the ward is concerned, is identical with that of his principal; and after proof of the receipt by the guardian of the ward's money and failure to account for it, the guardian has not faithfully discharged the duty imposed

Vol. 103]          JANUARY TERM, 1898.                  705

Cincinnati, New Orleans & Texas Pacific Ry. Co.'s Receiver v. Webb.

by his obligation until he has clearly shown how it has been disposed of.   Neither can the surety in the bond be permitted to say. "you can not prove the date when my principal converted your money, and therefore you can not recover on any of the bonds."

In our opinion the law requires appellee to show what became of the money of appellants which was received by the guardian while he was bound as surety upon his bond, and in the absence of proof showing clearly that at the date of the execution of the new bond the fund was intact in the hands of the guardian, he should be held liable for the balance shown by the proof to be due.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consisted with this opinion.