namely: that a proceeding to sell under a power contained in a deed made to secure a debt is not a suit or in the nature of a suit, and the creditor is not compelled to wait until twelve months after the administrator has qualified, in order to sell under the power. In *Greenfield* v. *Stout,* 122 *Ga.* 303, it was said: "Where the grantor in a security deed dies after the execution of the deed, in exercising the power of sale the property should be sold as that of his estate." This disposes of the contention that after his death it could not be sold as his property.

There was no equity whatever in the petition except as to one point. The sale was advertised to take place on a specified date. The trial court ruled that the advertisement was not such as to authorize a sale at that time under the terms of the instrument. But as the sale was restrained and the time so advertised had passed, he considered that it would be a vain thing to retain the petition merely to declare that it would have been illegal if a sale had taken place. He therefore dismissed the petition on demurrer. This ruling was right. But inasmuch as the court held that there was an error in the advertisement, and there was a proper ground for filing the petition to enjoin the sale at the time it was advertised to take place, the presiding judge will doubtless award costs in view of this situation. He did not include in his judgment any statement as to costs, and therefore there is no ruling on that point for us to review.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

---

RICH & BROTHERS *v.* FIDELITY AND DEPOSIT COMPANY.

1. This case is controlled by the case of *Fidelity Co.* v. *Rich,* 122 *Ga.* 506, except as to the question of estoppel.
2. The plaintiffs obtained a judgment against a guardian upon an open account, which was not properly a liability of the ward's estate, and the refusal to pay which did not (under the decision above referred to) constitute a breach of the bond. After that decision another suit was brought for the same cause of action, with the additional allegations that the guardian had received the proceeds of a life-insurance policy in which the wards had an interest; that the surety filed a petition to the ordinary, alleging that the guardian had mismanaged the estate and violated the law, and seeking to be relieved from the bond; that the

plaintiffs as creditors objected to the discharge of the surety; that in answer to the rule nisi the guardian filed final returns, in which she included the amounts due to the plaintiffs; that the surety knew of this and was a party to the crediting of such sums in the final returns; that the sole purpose was to relieve it as surety on the bond; and that if such amounts had not been allowed in the returns as constituting a part of the expenditures of the guardian, they would now be in the hands of the guardian to liquidate petitioners' claims. It did not ·appear that the surety was discharged. *Held*: (1) That this did not operate as an estoppel by judgment on the surety, because the allowance of the returns was not a judgment in a proceeding to which the surety and the present plaintiffs were parties, although the making of the return by the guardian may have resulted from a proceeding on the part of the surety to obtain a discharge from the bond. (2) The statements in the return of the guardian were not solemn admissions in judicio by the surety, although the latter may have instigated or approved them, and they may have been for its benefit. (3) Considered as an estoppel by admission or in pais, no action on the part of the creditors in reliance upon such statements appears, and no injury resulting to them. (4) Whether or not the making of such a return and the participation therein by the surety operated as a fraud upon the wards or would furnish any basis for action by them, relatively to the creditors now suing, a return claiming that such items were proper to be allowed to the guardian, and the obtaining of the approval of the return, although participated in by the surety, would not render it liable to such creditors for the amount of their claim, if in fact it had not been paid, and was not one the refusal to pay which would in law make the surety liable on the bond.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued May 29,—Decided August 13, 1906.

Action on bond.    Before Judge Pendleton.    Fulton superior court.    December 5, 1905.

*J. E. & L. F. McClelland,* for plaintiffs.

*Rosser & Brandon,* for defendant.

MORRIS *et al.,* executors, *v.* DUNCAN.

| 126 | 467 |
| 130 | 372 |

1. In an action for tort brought against the personal representative of the alleged tort-feasor, a charge of the court which might lead the jury to infer that they would be authorized to assess a sum purely for punitive damages is erroneous.

2. The act of 1902 (Acts 1902, p. 117), authorizing the judges of the city court of Atlanta to open defaults, did not authorize the opening of a judgment by default entered prior to the passage of that act.

3. A petition was filed and dismissed on oral motion in the nature of a general demurrer. This judgment was reversed on writ of error. A