CHILDS et al. v. McGREW. (No. 359.)

(Court of Civil Appeals of Texas. El Paso. Nov. 19, 1914. Rehearing Denied Dec. 17, 1914.)

1. APPEAL AND ERROR (§ 837*) — FINDINGS AS CONCLUSIVE—REVIEW.

In the absence of any findings of fact or conclusions of law by the trial court, the Court of Civil Appeals must look to the record to see if, under the pleadings, there is evidence to sustain the judgment entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

2. GUARDIAN AND WARD (§ 182*) — GUARDIAN'S BOND—LIABILITY OF SURETIES—BURDEN OF PROOF.

The burden is upon the sureties on a guardian's bond to clearly establish their defense which would relieve them of liability.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 423, 623–636, 638–652, 654–663; Dec. Dig. § 182.*]

3. GUARDIAN AND WARD (§ 182*) — ACTION AGAINST SURETIES — SUFFICIENCY OF EVIDENCE—MINORITY.

In an action on a guardian's bond for misappropriation of the ward's money, *held* that, resolving the facts in favor of the judgment, the evidence sustained a finding that, when the ward gave certain money to the guardian, he was a minor.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 423, 623–636, 638–652, 654–663; Dec. Dig. § 182.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Willie McGrew against R. S. Childs, Guardian, and others, as sureties upon the guardian's bond. Judgment for plaintiff, and the sureties appeal. Affirmed.

M. H. Broyles, of Houston, for appellants. L. E. Blankenbecker, of Houston, for appellee.

HARPER, C. J. This is an appeal from a judgment for $1,577.95 in favor of Willie McGrew and against R. S. Childs, guardian, and L. W. Woods, Edward Lee, and E. B. Ramsey, as sureties upon the guardian's bond.

Findings of fact: On March 10, 1910, R. S. Childs, upon his application, alleging that Willie McGrew was a minor, was appointed guardian of his person and estate. He duly qualified with the other defendants above named as sureties on his bond. A short time before the appointment, a judgment had been rendered in the United States court for $1,-560 in favor of the ward, and the money retained by order in the registry of the court. Thereafter, on the 14th day of March, the United States court made its finding that Willie McGrew was of age, and directed the clerk to deliver the money to him in person, which was accordingly done. On the same day, last named, Willie McGrew delivered the money received to defendant Childs, and it was deposited in bank in his name as guardian, and reported its receipt to the probate court, and the guardian had not been discharged when he received the money.

Upon the trial said Childs admitted that he had appropriated the money to his own use. Only the bondsmen appeal from the judgment entered.

[1] Although appellants present three assignments of error, there is only one issue suggested, and that is one of fact, and, there being no findings of fact nor conclusions of law from the trial court, this court must simply look to the record to see if, under the pleadings, there is evidence to sustain the judgment entered by the trial court.

[2] The burden is upon the sureties on the bond to clearly establish their defense which would relieve them of liability (Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744), and this they have not done in this case.

The proposition asserted by appellants is: That the ward had reached his majority—21 years of age—when the money was given by him to defendant Childs. That, having reached the age of 21 years, the guardianship had ceased, as a matter of law. Therefore the delivery and receipt of the money was a simple transaction between man and man, for which they, as bondsmen, are not liable.

[3] The question in this case is: Was Willie McGrew 21 years of age at the time he delivered the money to defendant Childs? For, if the ward was not 21, then there can be no question that the bondsmen are liable. The county court judicially determined that on March 10, 1910, Willie McGrew was a minor. There is no evidence as to the date of his birth, but he and his sister testified upon the trial, about February 11, 1913, that he was then 23 years old. If he was not yet 24 years of age in February, 1913, he might not have been 21 years of age at the time the money was given to defendant Childs, and the trial court may have so found.

It being our duty to resolve the facts where there is any evidence upon the issue in favor of the judgment, we must hold that the judgment be sustained and cause affirmed.