## AMERICAN BONDING & TRUST CO. v. SMITH.

No. 8179—Opinion Filed June 6, 1917.

Rehearing Denied July 31, 1917.

(166 Pac. 890.)

### Guardian's Bond—Surety—Liability.

Same as 1 and 2 in case No. 8160, American Bonding & Trust Co. v. Coons, 66 Okla. 34, 166 Pac. 887.

(Syllabus by Hooker, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by George H. Smith, guardian, against the American Bonding & Trust Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

D. H. Wilson, for plaintiff in error.

Clark & Armstrong, for defendant in error.

Opinion by HOOKER, C. Robert Chasteen was appointed guardian of James Peters by the probate court of Pawnee county, and in May, 1902, executed a bond as said guardian in the sum of $500 with the plaintiff in error as the surety, which bond was duly approved. On the 26th day of June, 1906, the said guardian executed another bond in the sum of $2,000 with the Columbia Bank & Trust Company as his surety, which bond was duly approved on that date. And thereafter on June 1, 1908, he executed another bond as guardian with the Southern Surety Company as his surety which bond was duly approved at that time. On the 14th day of January, 1914, the county court of Pawnee county settled the account of said guardian and judicially determined that the guardian on that date was chargeable with the sum of $2,154.71, and directed the guardian to pay the same to the defendant in error as the guardian of the said James Peters.

The petition filed in this action alleges the execution of these bonds, the order of settlement. and the order of the court directing the payment of the money to the plaintiff below, and the noncompliance therewith by the said Robert Chasteen, as guardian of James Peters, and asks for a judgment against the sureties upon these bonds for the

full amount due. The answer of the American Bonding & Trust Company admits the execution of the bond, but seeks to be relieved from liability by virtue of an order of release and discharge made by the probate court of Pawnee county on the 26th day of June, 1906, after the said surety had complied with the statute in such cases made and provided. Upon the trial of this cause in the court below the parties agreed that the defendant in error, plaintiff below, had recovered a judgment against the Southern Surety Company for the full amount of its bond, and that the same was treated as having been collected, and thereupon the plaintiff below introduced in evidence the order of settlement made by the county court of Pawnee county of the accounts of the said guardian, showing that the guardian was chargeable with the amount of money stated above, and also offered in evidence a report of sale of real estate, and the confirmation of the report of sale. And also tendered the annual reports filed by the guardian in 1906 and 1907, but the trial court excluded these two reports. Thereupon the surety company offered in evidence the order of the probate court of Pawnee county made on the 30th day of June, 1906, discharging it from liability on said bond.

We are of the opinion that these reports which were filed by the guardian were competent evidence as an admission of liability upon his part for the amount of money shown thereby with which he was chargeable belonging to his ward, and they should have been admitted; but, inasmuch as the settlement made by the court with the guardian at the time of his discharge substantially covered the same transactions, the defendant in error was not prejudiced by the refusal of the court to permit the same to be introduced in evidence. This order of settlement under the record here is conclusive upon all parties and becomes final unless appealed from, and we have so treated it here. However, current reports or annual reports are not conclusive either in favor or against the sureties upon the guardian's bond. See 21 Cyc. 239; Cogswell v. State, 65 Ind. 1; State v. Hoster, 61 Mo. 544; Rich v. Trust Co., 126 Ga. 466, 55 S. E. 336. Judgment was rendered in this action for $500 with interest from the 13th day of April, 1914.

The opinion rendered in No. 8160, American Bonding & Trust Co. v. Arthur Coons, 66 Okla. 34, 166 Pac. 887, is decisive of the issues involved in this action, and the judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.