### KNOX et al. v. CRUEL.

No. 5398—Opinion Filed June 24, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

**1. Guardian and Ward—Sale Bond—Liability of Sureties—Real Estate—Misappropriation.**

Sureties on a guardian's bond for the sale of real estate, executed pursuant to section 6564, Rev. Laws of 1910, are not liable for misappropriations by the guardian of funds not arising from the sale of real estate in relation to which the bond was executed.

**2. Same—Burden of Proof.**

In a joint action against the sureties on several general guardian's bonds and the surety on the guardian's bond for the sale of real estate, executed pursuant to section 6564, where the record shows that the county court, on settlement of the final account of the guardian, found the amount misappropriated and due by the guardian to the ward, and the surety on the sale bond seeks to avoid

liability on the ground that the guardian did not misappropriate any of the funds of his ward while the bond on which it was surety was in force, the burden is on the said surety to establish such defense.

### 3. Appeal and Error—Ruling on Demurrer—Cure of Error.

Where defendant's demurrer to plaintiff's petition is overruled, and thereafter, during the progress of the trial, the court permits the plaintiff to amend his petition, and the defendant does not demur to the petition as amended, and where evidence is introduced without objection, proving the matter which defendant contends should have been alleged in the original petition, this court will not consider the alleged error of the trial court in overruling defendant's demurrer to the original petition.

Error from District Court, Wagoner County; R. C. Allen, Judge.

Action by Ed. Cruel against Ed. Knox and others. From judgment for plaintiff the defendants bring error. Affirmed.

See 72 Oklahoma, 178 Pac. 91.

Jesse W. Watts, for plaintiff in error Southwestern Surety Ins. Co.

W. O. Rittenhouse, for defendant in error.

RAINEY, J. On the hearing and settlement of the final report of Ed. Knox, guardian of Ed. Cruel, a minor, the county court of Wagoner county found that the said guardian was indebted to his ward in the sum of $851.48. During the time the said Ed. Knox was guardian of said minor he executed several bonds, all of them being general guardianship bonds, except one executed by the Southwestern Surety Insurance Company, known and commonly called the sale bond, which was executed pursuant to the provisions of section 6564. Rev. Laws of 1910.

This action was instituted jointly against the principal and sureties on the respective bonds, and a joint judgment was rendered against all the defendants for the amount found due by the county court on final settlement in the guardian's account. The evidence in the case discloses that during the time the said Ed. Knox was acting as guardian of said ward all the lands belonging to the estate of said ward were sold at guardian's sale, upon petition filed by the guardian and the order of the county court made pursuant thereto, all of which was done after the execution of the bond by the defendant Southwestern Surety Insurance Company. the only plaintiff in error that has filed a brief in this case.

Counsel for the surety company are correct in their contention that the additional bond for the sale of real estate, executed pursuant to section 6564, supra, is security only for the funds derived from the sale of said real estate, and the surety on said bond is not liable for misappropriation of funds not arising from the sale of said real estate in relation to which the bond was executed. National Surety Co. of N. Y. v. Washington et al., 67 Oklahoma, 170 Pac. 1142; Smith et al. v. Garnett, 62 Oklahoma, 161 Pac. 1083. But under the decisions of this court all the bondsmen may be jointly sued, and where an additional bond is executed, the real estate sold as contemplated, and there has been an adjudication of the amount due by the guardian on the settlement of his final account, the burden is on the surety on the additional bond to show that the guardian did not misappropriate any of the funds of his ward while the bond on which it was surety was in force. American Bonding & Trust Co. v. Coons, 66 Oklahoma, 166 Pac. 887; Freeman v. Brewster, 93 Ga. 651, 21 S. E. 166; Boyd v. Withers, 103 Ky. 702, 46 S. W. 13. In American Bonding & Trust Co. v. Coons, supra, this court said:

"It is the purpose of the law to protect the property interest of all wards and to carefully guard their rights from the conduct of their guardians. Here a surety for hire seeks to avoid paying for the default of the guardian, and says the ward has not shown any default while it was surety upon the bond. A default is shown to exist. The ward's money is gone—spent while he was unable to act or protect himself. He perhaps would not be able to show when or how his money was wasted. He has shown enough to justify a recovery against his guardian. He need show no more. The surety must pay, or show why he should not. * * * "

The case of National Surety Company of New York v. Washington, supra, is not in conflict with the views herein expressed. In that case it was held that the surety on the sale bond executed pursuant to section 6564 was not liable for misappropriation by the guardian of funds not arising from the sale of the real estate in relation to which the bond was executed, and that it was error for the trial court to overrule a motion to make the petition more definite and certain by showing the date of the misappropriations. We think in every case where plaintiff has knowledge of the dates of the defalcations he should be required to allege the facts in his petition, for if the alleged facts show that the defalcations did not occur while the bond was in force the surety would not

be liable, and by making the petition more definite and certain in this respect the issues would be more clearly defined and the trial facilitated; but where plaintiff does not possess information of the dates of the shortage he cannot be required to make his petition more definite and certain in that respect.

But counsel for the surety company insist that plaintiff's petition in this case was fatally defective, and that the court should have sustained defendant's demurrer thereto, for the reason that plaintiff did not allege that the real estate of his ward was sold under the order of the court as contemplated by the terms of the bond, which was attached to the petition and made a part thereof. The petition alleged the execution of the respective bonds, and that liability existed thereon because of the defalcations of the guardian; but if we assume, for the purposes of this case, that an averment that the real estate was sold as contemplated is essential to state a cause of action, we do not think, under the state of the record, the surety company is in a position to take advantage of the alleged error in overruling the demurrer. It appears from the record that after the issues were joined, and during the progress of the trial, plaintiff was permitted to amend his petition. The record in this respect discloses the following proceedings:

"Mr. Watts: Comes now the defendant the Southwestern Surety and Insurance Company, and moves the court to continue this case, and for reason says that plaintiff on this date has filed an amendment to the petition in which he sets up a new and separate cause of action from the one in the original petition; that this defendant cannot safely proceed to trial without being given an opportunity to prepare its defense to the amendment to the petition; that this motion is not made to delay, but that justice may be done. The defendant pleads surprise at the filing of the amendment to the petition at this late hour.

"Mr. Calhoun: The defendant Knox joins in this motion.

"The Court: In view of the fact that this reply, which was just this minute filed, is being pleaded as an amendment to the reply filed on January 23, and further fact that all the attorneys in this case on last evening by appointment with me argued all of the legal propositions to the court, and at that time knew and understood what my rulings would be upon this proposition involved in this amendment, and have not until the jury is called into the box announced that they would be surprised by reason of this pleading, the motion for a continuance comes too late and will be overruled.

"Mr. Watts: To which the defendants except.

"The Court: Inasmuch as the issues in this case are generally understood and have been argued to the court, the reply of the plaintiff, containing some allegations that in the judgment of the court should be contained in the petition, instead of the reply, that reply will be treated as an amendment to the petition."

After a most diligent examination of the record we have been unable to find this amendment to the petition, but we think it might well be presumed that the petition, as amended, was sufficient; but, whether it was or not, the surety company did not file a demurrer to the petition as amended, and inasmuch as proof was adduced without objection showing that all the lands of the minor were sold, we will consider the pleadings as amended to conform to the proof.

Under section 6005, Rev. Laws of 1910, this court is not authorized to set aside any judgment on account of any error in any matter of pleading or procedure, unless, in our opinion, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

We are convinced from the evidence in the record that the surety company and the other defendants are jointly and severally liable to the plaintiff, and the judgment of the trial court is therefore affirmed.

OWEN, C. J., and KANE, JOHNSON, and HARRISON, JJ., concur.