## GUYNES et al. v. FOOSHEE.

No. 8968—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

1. **Guardian and Ward—Liability on Guardian's Bond—Final Accounting—Decree—Parties Concluded.**

Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered in a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

2. **Same—Action on Bond—Defenses of Sureties—Burden of Proof.**

In an action against a guardian and his sureties on a guardian's bond, where the record shows that the county court on set-

element of the final account of the guardian found the amount misappropriated and due by the guardian to the ward, and the surety seeks to avoid liability on the ground that the guardian did not misappropriate any of the funds of his ward while the bond on which he was surety was in force, held, the burden was on the surety to establish such defense.

Error from District Court, Coal County; H. E. Cullom, Special Judge.

Action on guardian's bond by Rosa Fooshee, nee Guynes, against Tom Guynes and others. Judgment for plaintiff, and defendants bring error. Affirmed.

G. T. Ralls, for plaintiffs in error.

Minor Pipkin and Jas. R. Wood, for defendant in error.

McNEILL, J. This action was commenced in the district court of Coal county by defendant in error, hereinafter styled plaintiff, against the plaintiffs in error, hereinafter styled defendants, to collect upon a certain guardian's bond by Tom Guynes, as guardian, and O. E. Simmons and Robert Brinkley, as sureties.

The allegations of the petition are that Tom Guynes was appointed guardian of defendant in error, and executed a general guardian's bond in the sum of $5,000 with O. E. Simmons and Robert Brinkley as sureties. A copy of the bond is attached to the petition. It is further alleged that on the 18th day of August, 1914, the county court made an order settling the final account of the guardian and found there was due from the guardian, Tom Guynes, to plaintiff the sum of $1,029.86. A copy of said order settling the final account was attached to the petition.

The defendants filed their unverified answer and set up various defenses, and upon trial of the case to the court, the court rendered judgment against Tom Guynes and O. E. Simmons jointly and severally in the sum of $507.76, and in addition thereto a separate judgment against Guynes in the additional sum of $522.11. From said judgment, the defendants have appealed.

For reversal of said cause, the defendants allege 17 separate and distinct assignments of error. The first seven asignments of error go to questions that are precluded by the order settling the final account, and matters determined in said order. This order was made on the 17th day of August, 1914, and discloses that the guardian and the ward were both present and the proceeding was taken up by agreement of parties upon the final report of the guardian by the parties appearing and answering ready for trial. These facts are stated in the order itself. This being true, in the absence of fraud, all of the first seven assignments of error are precluded by this final settlement. This court, in the case of Henry v. Melton, 46 Okla. 278, 148 Pac. 730, stated as follows:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, of final settlement,. as to the amount of the principal's liability, although the sureties are not parties to the accounting." Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Southern Trust Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308; Greer et al. v. McNeal et al., 11 Okla. 519, 69 Pac. 891.

It was admitted by the defendants that no payment had been made of the amount found due upon the settlement by the county court since that order was made.

The other assignments of error, from 8 to 17, go to errors of the court in permitting certain evidence to be introduced and sustaining objections to evidence offered, and the further contention that the judgment of the court is not supported by the evidence. By applying the rule adopted in the case of Knox v. Cruel, 75 Okla. 274, 183 Pac. 427, which is as follows:

"In a joint action against the sureties on several general guardian's bonds and the surety on the guardian's bond for the sale of real estate, executed pursuant to section 6564, where the record shows that the county court on settlement of the final account of the guardian, found the amount misappropriated and due by the guardian to the ward, and the surety on the sale bond seeks to avoid liability on the ground that the guardian did not misappropriate any of the funds of his ward while the bond on which it was surety was in force, the burden is on the said surety to establish such defense"

—the burden was upon the bondsmen to prove by a preponderance of the evidence that the defalcation did not occur while the bond of Simmons was in force and effect. No competent evidence was introduced to support their contention, and we think the evidence was sufficient to support the finding of the court. Upon examination of the record, we find there was no error in permitting evidence to be introduced, nor in sustaining the objections to evidence offered. These questions are likewise controlled by the cases of Henry v. Melton and Knox v. Cruel, supra.

There being no material error in the record, and the evidence being sufficient to sup-

port the judgment of the court, the judgment of the lower court will be affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.