McCAULEY, Respondent, v. AMERICAN SURETY
COMPANY OF NEW YORK, Appellant.

(No. 6,154.)

(Submitted October 17, 1927.   Decided December 23, 1927.)

[263 Pac. 90.]

*Guardian and Ward—Action on Guardian's Bond—Complaint
—Burden of Proof—Plaintiff not Required to Plead Demand
on Surety—Evidence.*

Guardian and Ward—Action on Surety Bonds—Burden on Surety to
Show, What.
1.   In an action against the surety on a guardian's bond, plain-
tiff ward was not required to allege in his complaint that the
guardian, adjudged in default by the court's order settling her
final account, had in her possession money belonging to him during
the life of the bond, the burden of showing that she did not
have such possession being upon the surety.

Same—Evidence—Improper Designation of Guardian's Account not
Ground for Excluding Document.
2.   Under section 9818, Revised Codes 1921, providing that the
mere fact that a paper bears a defective title does not render
it ineffectual if it can be said to properly refer to a particular
proceeding, *held* that improperly designating a guardian's account
as an administratrix's account did not render it inadmissible,
where the account of the administratrix had been closed two years
prior to rendition of her account as guardian and she certified
to it as her guardian's account.

Same—Plaintiff not Required to Plead Demand on Surety for Payment
Found Due on Settlement of Guardian's Account.
3.   Where the court in settling a guardian's account fixed the
amount due the ward and directed payment thereof, plaintiff
ward was not required to plead in his complaint in his action
on the guardian's bond that demand for payment had been made
prior to commencing suit.

[1]   Guardian and Ward, 28 C. J., sec. 485, p. 1288, n. 49 New;
sec. 535, p. 1313, n. 97 New; sec. 541, p. 1316, n. 80.
[2]   Guardian and Ward, 28 C. J., sec. 368, p. 1211, n. 18.
[3]   Guardian and Ward, 28 C. J., sec. 518, p. 1307, n. 36; sec. 535,
p. 1313, n. 97.

*Appeal from District Court, Fergus County; Edgar J.
Baker, Judge.*

2.   See 21 Cal. Jur. 57.
3.   See 23 Cal. Jur. 1052.
81 Mont.—11

Action by Nathaniel Mitchell McCauley against the American Surety Company of New York and another. Judgment for plaintiff and named defendant appeals. Affirmed.

*Mr. W. F. O'Leary,* for Appellant, submitted an original, a reply brief and a brief in surrejoinder, and argued the cause orally.

*Mr. Wm. M. Blackford* and *Messrs. Walsh & Nagle,* for Respondent, submitted an original and a supplemental brief; *Mr. Raymond T. Nagle* argued the cause orally.

HONORABLE W. L. FORD, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

This is an action upon a guardian's bond. The plaintiff in his complaint alleges that the above-named surety company is a corporation authorized to do business in the state of Montana; that Julia E. McCauley was duly appointed guardian of the person and estate of Nathaniel Mitchell McCauley, and duly qualified as such; that on the seventh day of September, 1911, Julia E. McCauley, as principal, and the American Surety Company of New York, as surety, made and executed a guardian's bond in the sum of $5,000, which bond was duly approved on the twenty-third day of September, 1911; that the surety company designing and intending to cheat and defraud the plaintiff out of any money that might be due thereon, and that intending to cheat and defraud the plaintiff, did on or about the twenty-sixth day of November, 1912, procure a pretended order of discharge by the Honorable E. K. Cheadle, which order, it is alleged, purports and pretends to release said bond and to discharge said defendant surety company, from the default and misconduct of the said guardian, Julia E. McCauley, for any failure to account for money or property coming into her hands or then in her hands, or any misconduct of said guardian subsequent to the

making of said pretended order; that no petition was filed by the surety company asking for release of the bond or the cancellation thereof; that no notice of an application for said order was served upon the said Julia E. McCauley, or upon the plaintiff, or upon any other person as provided by the provisions of the Code of Montana in such cases; that the plaintiff did not appear in any manner; that no guardian *ad litem* was appointed for him at such hearing; that the said Julia E. McCauley did not appear therein; that she had not at that time made or filed in said court any report of her guardianship, or any account of the property received by her, and there was nothing before the court from which the court could determine whether or not any injury could or would result to the plaintiff by reason of the release of said bond; that the court did not find that injury would not result to the plaintiff by reason thereof; that the said court and its judge were without jurisdiction to make such order, or to release the defendant surety company from its liability under said bond; that the said pretended order was and is null and void, and said bond is still, and since its execution always has been in full force and effect; that the said Julia E. McCauley did not file an account as such guardian in said court until the sixteenth day of February, 1914; that upon the hearing of said account of said guardian so filed it was found that there was then due and owing to the plaintiff from said guardian on said account the sum of $33,362.63, and the further sum of $184 for which she was then in default; that the hearing of the final account of the said Julia E. McCauley, filed by her as such guardian, was brought on for hearing before the above-named court after due notice to her, and after the hearing had in the above-named court, a judgment and decree was on the eleventh day of December, 1923, duly made, given and entered, settling said account, and it was ordered, adjudged and decreed therein that the said Julia E. McCauley as such guardian was indebted to the plaintiff in the sum of $110,372.93, and it was further ordered, adjudged, and decreed therein

that the said Julia E. McCauley pay to the plaintiff the sum of $110,372.93, together with interest; that the plaintiff is now the owner and holder of said bond, and prior to the commencement of this action due demand was made upon the defendant Julia E. McCauley for payment of the amount so found due; that due demand was made upon the American Surety Company of New York for the payment of the amount due under the terms and conditions of said bond, and no part thereof has been paid.

The answer of the American Surety Company admits the incorporation of the surety company, and the appointment of Julia E. McCauley, as guardian, the execution and approval of the bond of $5,000 by Julia E. McCauley and surety company, and pleads affirmatively, in substance, that Hon. E. K. Cheadle required and directed the said guardian to furnish a new bond, and on the seventeenth day of November, 1912, a new bond in the sum of $20,000 was furnished with personal sureties; and thereupon and on November 26, 1912, a valid order was duly given and made by said court discharging said American Surety Company, as surety, from any liability based upon any subsequent act or misconduct of said guardian; that thereafter and on the nineteenth day of February, 1918, pursuant to order of court, the guardian furnished an additional bond in the sum of $50,000 with the Western Accident & Indemnity Company as surety; that upon petition the said Western Accident & Indemnity Company was released, and on the tenth day of July, 1919, the guardian filed a bond in the sum of $60,000 with the Royal Indemnity Company as surety; that the last-mentioned bond continued to be in full force and effect until the guardian resigned on the seventeenth day of March, 1921; that a judgment was recovered by the plaintiff herein against Julia E. McCauley, as guardian, for the sum of $110,372, but that no part of said sum was for, or was adjudicated to be for, any act or default of said guardian on or prior to the said twenty-sixth day of November, 1912, and up to and including said twenty-sixth day of November, 1912, the said

Julia E. McCauley discharged all of her duties as such guardian, according to law, and no breach of said bond occurred on or prior to November 26, 1912; that the said evidence filed by the guardian, and no account, pleading or fact was before the court upon which to base the said judgment. The answer contains also a general denial.

The reply admits the execution of the $20,000 bond as alleged in the answer; that the Western Accident & Indemnity Company executed a bond and was afterward discharged; the execution of the $60,000 bond by the Royal Indemnity Company; that Julia E. McCauley resigned as guardian; that a judgment was entered against the said Julia E. McCauley in the sum of $110,372.93; and denies the remaining affirmative allegations of the answer.

The evidence discloses that no application for release was made by the surety, and no notice of any kind was given prior to the making of said order, and no appearance made by any of the parties interested at the time said order was made; that the guardian filed several accounts during her administration of the estate, some of which were approved, and some not. Upon the plaintiff herein arriving at the age of majority, he petitioned the court to reopen the accounts that were approved, and for leave to file objections to the accounts, which was granted by the court, and the matter was set for hearing upon the accounts and objections, and after several continuances was heard, and a decree of the court entered on the eleventh day of December, 1923, adjudging that the guardian was indebted to her ward in the sum of $110,372.93.

One of the accounts dated February 16, 1914, upon which the decree filed was based, is entitled as follows: "In the Matter of the Guardianship of ——, a Minor. Account of ——. Third Annual Account of Administratrix in the Matter of the Estate of Nathaniel M. McCauley, Deceased." In the body of the account the following is disclosed: "The foregoing being presented as and for the third annual account of said administratrix, prays that the same be allowed and settled as

such.'' At another place in the body of said account the following is disclosed: ''N. M. McCauley Estate, in account with Nathan M. McCauley, Jr.'' And at another place in the body of said account is disclosed the following: ''Julia E. McCauley in account with Nathan M. McCauley, Jr.'' And the affidavit accompanying the account is entitled ''In the Matter of the Estate of Nathaniel Mitchell McCauley, a Minor,'' and in the body of the affidavit accompanying the account, Julia E. McCauley describes herself as guardian, and alleges that she files the account as and for her annual account of her guardianship.

The cause was tried to the court without a jury, and judgment entered in favor of the plaintiff, from which judgment the defendant American Surety Company of New York appeals.

The defendant assigns nine specifications of error, the first of which is as follows:

1. ''1. The complaint shows on its face that the judgment of discharge of the American Surety Company pleaded therein is a valid discharge, and that the attempt to set aside said judgment in this action is a collateral attack on said judgment of discharge of the American Surety Company, dated November 26, 1912.''

The plaintiff contends that the attack is direct, and, if not direct, the judgment of discharge of the surety company is void and therefore subject to collateral attack. The conclusion we reach in this cause, as will be hereinafter shown, makes it unnecessary for us to decide this question.

2. The defendant further contends that the complaint does [1] not state a cause of action, for the reason that it fails to show that during the time the bond of the surety was in effect the guardian had in her possession or under her control any money belonging to the ward, or that she ever received any money during the life of the bond, and that the complaint shows on its face that the only liability incurred by said guardian occurred subsequent to November 26, 1912, the date of the discharge of the American Surety Company. That the complaint fails to allege that the ward had any rights

that were invaded at the time of the judgment of release of the American Surety Company. There is no direct allegation in the complaint that the guardian had in her possession any money belonging to the ward, or that she so received any money during the life of the bond, assuming that the order of discharge is a valid order; nor is there any direct allegation that she defaulted during said period. While it is true that the surety is liable only for the money or property that actually came into the hands of the guardian during the term covered by the bond (*American Bonding Co.* v. *People,* 46 Colo. 394, 104 Pac. 81)—and it can only be held liable for a default which occurred during the life of the bond—in this case the default of the guardian was settled by the order settling her final accounts, and the surety was liable on the bond unless the default occurred subsequent to the date of the release, and the burden was not on the plaintiff to establish that the default occurred prior to the release, but to complete its defense of release, the burden was on the surety to show that the funds were not misappropriated during the time the bond was in force. (*Aetna Accident & Liability Co.* v. *Langley,* 68 Okl. 283, 174 Pac. 1046; *Boyd* v. *Withers,* 103 Ky. 698, 46 S. W. 13; *American Bonding & Trust Co.* v. *Coons,* 66 Okl. 34, 166 Pac. 887; *Title Guaranty & Surety Co.* v. *Foster,* 84 Okl. 291, 203 Pac. 231; *Childs* v. *McGrew* (Tex. Civ. App.), 171 S. W. 506; *American Bonding & Trust Co.* v. *Smith,* 66 Okl. 32, 166 Pac. 890; *Freeman* v. *Brewster,* 93 Ga. 648, 21 S. E. 165; *Guynes* v. *Fooshee,* 77 Okl. 306, 188 Pac. 659.) And since the possession of money or property of the ward is necessary to a default by the guardian, the burden was upon the surety to show that the guardian had possession of no money or property of the ward during the life of the bond. The plaintiff not being compelled to prove the above-mentioned facts, it was unnecessary for him to allege them, and the complaint states a cause of action.

3. The defendant further contends: "That the court erred [2] in holding that the account of February 16, 1914, was a

guardian's account, because said report shows on its face that it is a report in the administration of said Julia E. McCauley in the estate of her deceased husband.''

The record discloses that the estate of Nathaniel Mitchell McCauley, Sr., deceased, was closed in the month of September, 1912, and that she was discharged as administratrix in October, 1912, and the said account was filed in the guardianship proceedings of Nathaniel Mitchell McCauley, Jr., by the guardian, February 16, 1914, as one of her accounts as such guardian; that she swore to it, as such, and made no objections to the court considering it as such account at the hearing upon the accounts. And while the irregularities herein recited occur in said account, we do not think they are sufficient to have justified the court in disregarding said account in the guardianship matter, and the court committed no error in holding that it was a guardian's account. (Sec. 9818, Rev. Codes 1921.)

4. The defendant also asserts that there is no evidence in the record that the guardian ever had any money in her possession, as guardian, prior to the discharge of the American Surety Company, and that the proof on the part of the plaintiff negatives the fact that she had any money in her possession as guardian during such time. The evidence, as counsel for defendant contends, which negatives the fact that during the life of the bond the guardian received no money of the ward, is the decree of distribution in the estate of Nathaniel Mitchell McCauley, deceased, which decree shows that the only property distributed was choses in action, cattle, machinery and real estate, and that the choses in action were collected long after the alleged discharge. The annual account of the guardian of date February 16, 1914, however, shows that she had something over $10,000 in her hands prior to November 26, 1912, the date of the alleged discharge of the surety, and the evidence of the plaintiff taken as a whole does not negative the fact that during the life of the bond the guardian had money of the ward in her possession, and as the burden

is on the surety company to show that there was no defalcation of the guardian prior to the release (*Aetna Accident & Liability Co.* v. *Langley,* supra; *Boyd* v. *Withers,* supra; *Title Guaranty & Surety Co.* v. *Foster,* supra; *Childs* v. *McGrew,* supra; *American Bonding & Trust* v. *Smith,* supra; *Freeman* v. *Brewster,* supra; *Guynes* v. *Fooshee,* supra) ; and since possession of funds of the ward is necessary to a misappropriation thereof, we are of the opinion that the burden also rests upon the surety company to prove that the guardian had no money of the ward in her possession during the life of the bond— a burden which the company in this case has failed to meet.

5. The defendant further assigns as error the inclusion [3] of $300 as interest more than was warranted under the allegations of the complaint, for the reason that no demand was made prior to the filing of the complaint, and that interest should have been computed from that date. The complaint alleges a demand, and the only evidence of such demand is a letter received from an agent of the company acknowledging receipt of a letter from the plaintiff's attorneys demanding payment. However, as the court in the decree settling the accounts of the guardian fixed the amount due and directed payment thereof, no demand was necessary. (28 C. J., p. 1306, sec. 518.)

The remaining assignments of error being sufficiently covered by what is said above, let the judgment of the district court be affirmed, with costs to respondent.

*Affirmed.*

Associate Justices Myers, Stark, Matthews and Galen concur.

Rehearing denied February 2, 1928.