31 Wn. App. 480 (1982)
642 P.2d 1259
In the Matter of the Guardianship of ROLAND DAVISON.
SEATTLE-FIRST NATIONAL BANK, as Executor, ET AL, Appellants,
v.
AETNA LIFE AND CASUALTY COMPANY, Respondent.
No. 4295-2-III.
The Court of Appeals of Washington, Division Three.
April 1, 1982.
*481 Terry L. Snow, pro se, Richard W. Miller, and Miller, Sackmann & Kagele, for appellants.
John P. Murray and Randall & Danskin, for respondent.
MUNSON, J.
Seattle-First National Bank, executor of the estate of Roland Davison, appeals a decision of the Adams County Superior Court regarding attorney's fees and interest payable by Aetna Life and Casualty Company. We affirm.
Aetna was the surety under a $100,000 guardianship bond for Mrs. Shirlee Broughton, inter vivos guardian for her father, Roland Davison, an incompetent person. At Davison's death, the guardian's accounting of July 23, 1979, indicated a $127,877.52 wrongful appropriation. Aetna was notified in March or April of 1979 of this probable breach of a fiduciary duty. The executor contended it was a $190,000 defalcation; on October 28, 1980, the parties stipulated the loss was $155,000. The executor caused a citation to be issued on February 19, 1980, compelling Aetna to appear and show cause why its bond should not be forfeited.
The court awarded to the estate $155,000 in judgment against Broughton, plus various costs. The court refused to hold Aetna liable for attorney's fees in excess of its bond limit, but did hold Aetna liable for interest on the $100,000 from February 19, 1980, as a penalty for not having paid the penal amount of its bond when its liability became clear. The court further found that Aetna had been notified in March or April of 1979 of a potential claim. The executor appeals, contending the estate is entitled to interest from March or April of 1979 and attorney's fees. Aetna does not cross-appeal from the award of interest from February 19, 1980.

I

ATTORNEY'S FEES
[1] Generally, a surety's liability may not exceed the penal amount of the bond. This includes liability for attorney's *482 fees. National Union Fire Ins. Co. v. D & L Constr. Co., 353 F.2d 169, 176 (8th Cir.1965), cert. denied, 384 U.S. 941, 16 L.Ed.2d 539, 86 S.Ct. 1462 (1966); Hartford Accident & Indem. Co. v. Industrial Accident Comm'n, 216 Cal. 40, 13 P.2d 699, 703 (1932); Hartford Fire Ins. Co. v. Casey, 196 Mo. App. 291, 191 S.W. 1072 (1917); Basic Refractories, Inc. v. Bright, 72 Nev. 183, 298 P.2d 810, 818, 59 A.L.R.2d 457 (1956); Hill Mercantile Co. v. Rotan Grocery Co., 127 S.W. 1080, 1082 (Tex. Civ. App. 1910). However, this limitation may be varied by contract terms, United Bonding Ins. Co. v. Banco Suizo-Panameno, S.A., 422 F.2d 1142 (5th Cir.1970); Truax v. Capitol Life Ins. Co., 166 Okla. 153, 26 P.2d 755 (1933); by bad faith on the part of the surety, Hartford Accident & Indem. Co. v. Casassa, 301 Mass. 246, 16 N.E.2d 860 (1938); or by statute.
[2] There was no provision allowing attorney's fees in the contract for the bond in this case, nor was bad faith found. Seattle-First argues RCW 11.76.070[1] allows the court to exercise its discretion to fix liability for attorney's fees jointly between a surety and a principal. That provision must be construed consistently with RCW 11.88.100[2] *483 and RCW 19.72.180[3] which limit the overall liability of the surety to the penal amount of the bond. See In re Estate of Beard, 60 Wn.2d 127, 372 P.2d 530 (1962).

II

INTEREST
[3] Interest[4] on the penal amount of a bond due from a surety begins to accrue on the date the surety is notified of the principal's breach or demand has been made for payment. This appears to be the majority rule and is based upon the fact that only after some notice of breach or demand for payment does the surety owe an ascertained or liquidated amount. Illinois Sur. Co. v. John Davis Co., 244 U.S. 376, 381-82, 61 L.Ed. 1206, 37 S.Ct. 614, 617 (1917) (applying Illinois law); McCauley v. American Sur. Co., 81 Mont. 161, 169, 263 P. 90, 93 (1927); Basic Refractories, Inc. v. Bright, supra; see also Annot., Time From Which Interest Begins To Run on Fidelity or Public Officer's Bond, 57 A.L.R.2d 1317, 1318 (1958); 11 J. Appleman, Insurance § 6422 (1981). If the surety becomes aware that the claim against its bond is greater than the bond's penal amount, the surety should pay the full amount into court. Of course the surety is allowed a reasonable amount of time to verify the fact of defalcation and the amount. Here the court selected February 19, 1980, as the date the surety *484 became aware it owed the penal sum of the bond. This was a reasonable time within which to verify the complaint and prepare to pay into court.
In Burns v. Massachusetts Bonding & Ins. Co., 62 Cal. App.2d 972, 975-76, 146 P.2d 29, 30 (1944), the court stated:
Up to the face amount of the bond the surety is liable for interest the same as the principal. For any other interest in excess of the face of the bond the surety can be held liable only for its own default, and cannot be held for the default of the principal. If the surety fails to pay when it should pay, then it is liable for the full amount of the penalty of the bond plus interest from the date when performance was due from it. Stated another way, for interest in excess of the penalty of the bond the surety is liable for interest from the time performance becomes due from it, as damages for its own withholding, that is, for its failure to pay the penalty when payment was due from it.
The trial court found as a matter of fact that on February 19 the bonding company was aware or should have been aware the guardian had misappropriated funds in excess of the penal amount of the bond. This conclusion went unchallenged and in conjunction with the law cited above supports the position that interest began to run from the date of February 19, 1980, as determined by the trial court.
The decision of the trial court is affirmed in all respects.
McINTURFF, C.J., and GREEN, J., concur.
Reconsideration denied April 27, 1982.
Review denied by Supreme Court July 16, 1982.
NOTES
[1] RCW 11.76.070:

"If, in any probate or guardianship proceeding, any personal representative shall fail or neglect to report to the court concerning his trust and any beneficiary or other interested party shall be reasonably required to employ legal counsel to institute legal proceedings to compel an accounting, or if an erroneous account or report shall be rendered by any personal representative and any beneficiary of said trust or other interested party shall be reasonably required to employ legal counsel to resist said account or report as rendered, and upon a hearing an accounting shall be ordered, or the account as rendered shall not be approved, and the said personal representative shall be charged with further liability, the court before which said proceeding is pending may, in its discretion, in addition to statutory costs, enter judgment for reasonable attorney's fees in favor of the person or persons instituting said proceedings and against said personal representative, and in the event that the surety or sureties upon the bond of said personal representative be made a party to said proceeding, then jointly against said surety and said personal representative, which judgment shall be enforced in the same manner and to the same extent as judgments in ordinary civil actions."
[2] RCW 11.88.100 states in pertinent part:

"The bond shall be for the use of the incompetent or disabled person, and shall not become void upon the first recovery, but may be put in suit from time to time against all or any one of the obligors, in the name and for the use and benefit of any person entitled by the breach thereof, until the whole penalty is recovered thereon. The court may require an additional bond whenever for any reason it appears to the court that an additional bond should be given." (Italics ours.)
[3] RCW 19.72.180:

"In the event of the breach of the condition of any bond described in RCW 19.72.109, successive recoveries may be made thereon by any of the obligees thereof: Provided, however, That the total amount of all such recoveries, whether by one or more of such obligees, shall not exceed, in the aggregate, the penal sum specified in such bond."
[4] "[A] guardian should be charged with interest on all funds for which he has failed to account or has converted to his own use." In re Rudonick, 76 Wn.2d 117, 128, 456 P.2d 96 (1969).